## Samuel Schofield v. The Village of Hudson.

1. Cities and Villages—*Passage of Ordinances—Ayes and Nays.*— An entry upon the official record of the proceedings of the board of trustees of a village incorporated under the general law as follows: " Board met at call of president. Members present—Gastman, Cox, Dement, Stater, Wallace and Miller. Minutes of previous meeting read and approved. Motion made and carried that the resolution declaring the village of Hudson duly incorporated under the laws of the General Assembly be entered upon the record of the said village. New ordinances Nos. 1, 2, 3 and 10 were adopted and passed by the board. Motion made and carried to adjourn "—is not sufficient to show the legal passage of ordinance No. 3.

Memorandum.—Action for violation of a village ordinance. In the County Court of McLean County, on appeal from a police magistrate; the Hon. C. D. Meyers, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and reversed. Opinion filed October 29, 1894.

Appellant's Brief, J. J. Morrissey and Harvey Hart, Attorneys.

Municipal corporations exercise only delegated and limited powers, and in the absence of statutory authority to

that effect, courts are authorized to indulge in no presumptions in favor of the validity of their ordinances. Schott v. People, 89 Ill. 195; Steckert v. City of East Saginaw, 22 Mich. 104; Tracy v. The People, 6 Col. 151.

The ordinance of the village of Hudson, relied upon, is invalid and not admissible in evidence. R. S., Chap. 24, Art. 3, Sec. 13; Spangler v. Jacoby, 14 Ill. 297; The People v. Starne, 35 Ill. 121; Prescott et al. v. Board of Trustees et al., 19 Ill. 323; Ryan v. Lynch et al., 68 Ill. 160; Burritt v. Comrs. of State Contracts, 120 Ill. 322; People v. De Wolf, 62 Ill. 253; Steckert et al. v. City of East Saginaw, 22 Mich. 104; Tracy v. The People, 6 Col. 151; Town of Olin v. Meyers, 55 Iowa 209; Los Angeles Gas Co. v. Toberman, 61 Calif. 199; City of Logansport v. Crockett, 64 Ind. 319.

Where the law requires the facts essential to the passage of an ordinance to be stated in the journal of the enacting body, if such facts are not set forth the conclusion is that they did not occur. When a contest arises as to whether an ordinance has been passed, the journal is the evidence of the action of the enacting body, and by it the ordinance must stand or fall. Rich et al. v. City of Chicago, 59 Ill. 286; Spangler v. Jacoby, 14 Ill. 297; Ryan v. Lynch et al. 68 Ill. 160; Burritt v. Comrs. of State Contracts, 120 Ill. 322; Steckert et al. v. City of East Saginaw, 22 Mich. 104; Tracy v. The People, 6 Col. 151; Town of Olin v. Meyers, 55 Iowa, 209; Los Angeles Gas Co. v. Toberman, 61 Calif. 199; Morrison, Admx., v. City of Lawrence, 98 Mass. 219; City of Logansport v. Crockett, 64 Ind. 319.

APPELLEE'S BRIEF, KERRICK & SPENCER, ATTORNEYS.

Our Supreme Court has expressly held that upon the passage of ordinances it is not necessary for it to appear of record that the ayes and nays were taken, that the statute in that regard is not mandatory. Barr v. The Village of Auburn, 89 Ill. 361. In that case the journal entry was as follows: "On motion of William Brownell the following ordinance (the one in question,) was unanimously adopted." The journal also showed that five out of

six members were present when the board met, that other business was transacted, and then the ordinance in question was passed. In the case at bar the journal showed that all the members of the council were present. At that time village boards of trustees had but six members. Revised Statutes, Secs. 185, 190, and 193, Chap. 24.

A recital that the ordinance was passed by the board is equivalent to a recital that it was passed by a majority of the members-elect of the board, to say the least. In this case where it is shown that all the members-elect were present, we contend that the recital that the ordinance was passed by the board means that it was voted for by all the members of the board. The expression "adopted and passed by the board" leaves no room for inference that a less number than a majority of the board voted for the ordinance, whereas the expression "unanimously adopted" might only mean that there were no negative votes, that is to say, that all who voted, voted the same way, or with unanimity. The language does not exclude the inference that some who were present might not have voted at all, but in the case at bar all the members elect being shown to be present, that is to say, the board in its entirety being present, and the board being declared by the journal to have adopted and passed the ordinance, the ordinance must of necessity have received at least a majority of the votes of all the members elect. The word "board" can not mean less than a quorum, and a quorum in the absence of some statutory provision to the contrary, can never mean less than a majority. Bouvier Dict., Vol. 2, p. 407; Barker v. Allen, 5 H. & N. 61; Broadwell et al. v. The People, 76 Ill. 554; Hughes et al. v. The People, 82 Ill. 78.

Our Supreme Court is not alone in holding that it is not necessary that the ayes and nays appear upon the journal. Brewster v. Davenport, 51 Ia. 427; Eldora v. Town of Burlingame, 62 Ia. 32; State v. Vale, 53 Ia. 550; In re Mount Morris Square, 2 Hill (N. Y.) 14; Elmdorf v. Mayor of New York, 25 Wend. (N. Y.) 693; Lexington v. Headly, 5 Bush (Ky.) 508.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Judgment below was rendered against appellant for a penalty of $3 for a violation of an alleged ordinance concerning animals running at large, and the sole question here is whether the supposed ordinance was duly passed.

The statute requires that the village board " shall keep a journal of its own proceedings," that " the yeas and nays shall be taken upon the passage of all ordinances * * * which shall be entered on" it, and that " the concurrence of a majority of all the members elected shall be necessary to the passage of any such ordinance." R. S., Ch. 24, Art. 111, Secs. 12, 13. But Sec. 8 declares that a majority of those elected shall constitute a quorum to do business.

The journal entry respecting the ordinance in question is as follows:

" HUDSON, March 14, 1888.

Board met at call of president. Members present, Gastman, Cox, Dement, Sater, Wallace and Miller. Minutes of last meeting read and approved. Motion made and carried that the resolution declaring the village of Hudson duly incorporated under the laws of the General Assembly be entered upon the record of the said village. New ordinances numbers 1, 2, 3 and 10 were adopted and passed by the board. Motion made and carried to adjourn, to meet to-morrow, March 15, at one o'clock P. M.

GEORGE W. GASTMAN, President.

IRA BARSBY, Village Clerk."

New ordinance number 3; therein mentioned, is the one here considered.

Doubtless the chief object in requiring the vote in such cases to be taken by yeas and nays and recorded, was to make it certainly appear that a majority of all the members and not merely of a quorum concurred in the passage of the proposed ordinance, though another and proper one may have been to show who voted, and how, and who failed to vote, if any, on the question of such passage.

Nor is there any doubt that the requirement is impera-

tive; but whether a strict literal compliance is required is not clear from decisions of other States as to like provisions. In Barr v. The Village of Auburn, 89 Ill. 361, a record not in literal compliance was somewhat doubtfully held sufficient by a majority of the court, and positively denied by one member. There, the entry on the journal, after giving the name of one member of the board as the only absentee, stated that the ordinance was passed "unanimously;" and the court held it sufficiently showed, though only by implication, that the other five were present and concurred in the affirmative vote. Thus it identified those so voting, and showed that they constituted a majority of all the members elected, as matter of fact and not of opinion or understanding, which is the full and precise effect of a vote by yeas and nays.

We would therefore feel bound, in a like case, to do likewise.

Here, though all six of the members are named as being present at the meeting, it is not stated in any form of expression that they voted unanimously. Thus it entirely fails to show, with reasonable certainty, that the vote was taken by yeas and nays, or that all or any certain member voted in any other manner, or how any particular number voted.

It is said that this expression, in connection with the statement of the members present, clearly imports or implies that as many as four concurred. We think the journal entry does not of itself so import or imply. From the entry, with the laws making six the full number and requiring the concurrence of a majority of all elected, and the further presumption that the board and the clerk complied with this requirement, such would be the inference. But whether they did so comply, is the very question in issue, upon which the burden of proof was on the village throughout the case, and the evidence was the journal entry. To presume that the law was complied with, is to shift the burden and beg the question. Upon this reasoning an entry stating that six, five or four members were present, and that the ordi-

nance was passed, would suffice, though simply and wholly ignoring the statute, which imperatively requires a record showing with reasonable certainty who voted for its passage and that they constituted a majority of all the members elected.

It is apparent from the opinion in the Barr case that the word "unanimously" was what saved the ordinance, and hardly saved it. Nothing tantamount to it appears here, and we are of opinion that by the material difference thus shown, the evidence here falls short of what is required. The judgment will therefore be reversed.