## Chicago & Alton R. R. Co. v. C. G. Pearson, Adm'r.

1. PLEADING—*Pleading to the Merits Waives a Demurrer.*—By abandoning a demurrer and pleading to the declaration a defendant admits its sufficiency and can not afterward be heard to assign the decision upon the demurrer as error.

2. EVIDENCE—*Certain Evidence Held Not Admissible Under the Pleadings.*—In a suit against a railroad company for causing the death of the plaintiff's intestate, the court admitted evidence to show that prior to the accident the railroad had erected and maintained an electric alarm bell, which, according to the fair inference from the evidence, the deceased before that time knew, and that, on the day of the accident. the bell had been cut out so that· it was not in operation at the time of the injury. No count in the declaration referred to the bell as having been taken out. *Held,* that in the condition of the declaration it was error to admit the evidence.

3. RAILROADS—*Speed of Trains as Negligence.*—In a suit against a railroad company charging negligence in running a train at a high rate of speed, the court holds that the trial court erred in refusing to instruct the jury that there was no law limiting the rate of speed of railroad trains under the circumstances shown.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Livingston County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 20, 1897.

C. C. & L. F. STRAWN, attorneys for appellant.

A. P. WRIGHT, M. E. WRIGHT and A. C. NORTON, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

This was an action on the case by the appellee as administrator of Ole B. Thompson, deceased, for the alleged negligence of the appellant, whereby the death of said Thompson was occasioned at the street crossing in the village of Odell. The declaration contains seven counts. A demurrer was sustained to the first, fourth and fifth counts and being overruled as to all other counts, the appellant filed the general issue thereto, and upon the trial the jury

returned a verdict of guilty, and assessed the damages at $5,000, upon which the court rendered judgment, and the appellant prosecutes this appeal therefrom, insisting the court erred in overruling the demurrer to the second, third, fifth and seventh counts of the declaration; in refusing to instruct the jury to find their verdict for the defendant; in admitting improper evidence to the jury, and in giving improper instructions; and also in refusing proper instructions to the jury asked by appellant; and that the verdict is against the weight of the evidence.

By pleading to the counts, to which the demurrer had been overruled, appellant waived its objections thereto. If it deemed its demurrer well taken it should have abided by the same, and not tendered an issue on the facts. By abandoning the demurrer and pleading to the counts, appellant admitted their sufficiency, and can not now assign the decision upon them as error.   American Express Co. v. Pinckney, 29 Ill. 392.

As the case must be again tried by another jury, we refrain from commenting upon the propriety of the court instructing the jury to find for the defendant, and likewise concerning the question whether the evidence supports the verdict; we being permitted, however, to say the case is a close one upon the material issues affecting the alleged negligence of the appellant, and of due care on the part of the deceased at the time he was killed, and requires that no improper evidence be admitted, and that the instructions given to the jury should be accurate, and that every correct principle of the law applicable to the material issues in the case, should have been given so far as requested by the appellant.

On the trial of the case, against the objection of the appellant, and in the face of its motion to exclude such evidence from the consideration of the jury, the court admitted evidence to show that prior to the accident resulting in the death of Thompson, at the crossing in question, appellant had erected and maintained an electric alarm bell, which, according to the fair inference from the evidence, deceased

before that time knew; and on the day of the accident appellant had cut the bell out, so that at the time of the injury to the deceased it was not in operation. No count in the declaration in any way refers to the electric alarm bell so located at the street crossing, either as having been on that day, or at any other time, taken out.

In the view we have already indicated, and in the condition of the declaration in this respect, we think it was error for the court, against the objection of appellant, to admit the evidence relating to the electric alarm bell. The jury could only have inferred from such evidence that it was negligence to have taken the alarm bell out under the circumstances, and that the deceased, not observing its alarm, as they doubtless believed he was accustomed to, was thereby led to his death. Had any count of the declaration, by proper averments, been predicated upon such theory, no doubt is entertained the point might have been properly submitted to the jury.

The seventh count of the declaration is based for its grounds of negligence upon the alleged high rate of speed by which the train that killed deceased was run; and it was contended such rate of speed, under the then circumstances, constituted negligence on the part of the appellant. The sixteenth instruction asked by appellant and refused by the court, sought to inform the jury that there was no law limiting the rate of speed of railroad trains under the facts as proved. Negligence being a question of fact for the jury to determine, it might be, under given circumstances, the jury could rightfully say a high rate of speed would, as a matter of fact, be negligence; but, when so considering the evidence, to arrive at such fact, it would be of the highest importance for them to know the law itself did not so esteem it. We think the instruction so refused was material to the issue being tried, and it was error to refuse it.

For the errors we have named the judgment of the Circuit Court will be reversed and the cause remanded.