Julia Boyd, Adm'x, etc., v. The Chicago, Burlington & Quincy R. R. Co.

1. CITIES AND VILLAGES—*General Act for Incorporation—Passage of Ordinances.*—By virtue of section 13, article 3 of the general act, the yeas and nays are required to be taken upon the passage of an ordinance, and to be entered upon the journal.

2. SAME—*Not Organized Under the General Act.*—A city council of a city not organized under the general act is governed by the rules it has established for the conduct of business by the city council.

3. EVIDENCE—*Copies of Ordinances.*—Under our statutes relative to evidence, copies of ordinances and council proceedings certified by the clerk are made competent proof.

4. SAME—*Non-Existence of Fact or Record.*—There is no statute authorizing the city clerk to create proof of the non-existence of any fact or record by his official certificate. Such negative proof requires oral testimony, under oath, of a search made and its result.

5. DECLARATION—*Allegation of Negligence.*—A count which avers that defendant then and thereby its servants so carelessly and improperly drove and managed the said locomotive and engine and train of cars that by and through the negligence and improper conduct of the defendant, by its said servants in that behalf, the said locomotive engine and train of cars then and there ran and struck with great force and violence upon and against the said horses, wagon, and the said decedent, and thereby the said decedent was then and there thrown to and upon the ground and killed by said locomotive engine and said train of cars attached thereto, is not objectionable on the ground that the allegation of negligence is too general.

6. RAILROADS—*Excessive Speed of Trains.*—In the absence of a statute or ordinance a railroad company has the undoubted right to establish the speed of its trains; but under the rule of the common law, a railroad company is required to exercise its franchise with due regard to the safety of its passengers and such persons as may travel on the highways crossing railroad tracks, and in establishing the rate of speed that their trains may be run, due regard must be had not only to the safety of passengers, but also to the safety of all persons, in the exercise of ordinary care, traveling on the highways over and across railroad tracks.

7. SAME—*High Speed Not Negligence as a Matter of Law.*—High speed is not negligence as a matter of law, but the jury may properly find it negligence as a matter of fact.

**Trespass on the Case**, for personal injuries. Appeal from the Circuit Court of Kendall County; the Hon. HENRY B. WILLIS, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

McDOUGALL & CHAPMAN, attorneys for appellant.

ALBERT J. HOPKINS, FRED A. DOLPH and ROBERT BRUCE SCOTT, attorneys for appellee; CHESTER M. DAWES, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

On May 19, 1900, John Johnson was struck and killed by

Boyd v. C., B. & Q. R. R. Co.

an engine drawing a freight train on the crossing of the Chicago, Burlington & Quincy Railroad over Ben street in the city of Plano. His administratrix brought this action against the railroad company to recover for the loss to his next of kin, charging the death was caused by the negligence and misconduct of the servants of the railroad company running said train. Plaintiff's declaration contained five counts. The court sustained a demurrer to the first and fourth, and plaintiff dismissed the second and third, relating to the failure to use the bell or the whistle and to the lack of a flagman, so that the case finally rested on the fifth count and a plea of not guilty. The court directed a verdict for defendant. After motion for a new trial denied and judgment, plaintiff appeals.

The fifth count charged said train was propelled at a speed forbidden by an ordinance of said city. At the trial plaintiff offered a certified copy of the ordinance so declared upon, the certificate of the city clerk stating it was passed on September 4, 1899. Defendant objected to the introduction of said ordinance, and in support of the objection offered to the court a certified copy of the record of the proceedings of the city council of said city at said meeting of September 4, 1899, which record failed to show that the yeas and nays were taken on the passing of said ordinance and entered of record upon the journal of the council proceedings, and did not show what aldermen, or how many, voted for the ordinance, but only set forth the conclusion of the clerk that it passed. Defendant also offered in evidence to the court in support of its objection, an ordinance adopted June 26, 1894, establishing rules for the conduct of business by the city council, one of which required the yeas and nays to be taken on the passage of all ordinances and to be entered on the journal of its proceedings. If on September 4, 1899, the city of Plano was organized under the general act for the incorporation of cities and villages, then, by virtue of section 13 of article 3 of said general act, the yeas and nays were required to be taken upon the passage of the ordinance of that date, and to be entered upon the

journal.   If the city was not under the general act, its
council was governed by the rules above mentioned.   The
certificate of the clerk of the ordinance offered by plaintiff,
that it was passed September 4, 1899, was *prima facie*
proof sufficient to entitle it to go in evidence, but that did
not preclude defendant from showing to the court by the
journal that the ordinance had not, in fact, been legally
adopted.   I. C. R. R. Co. v. People, 143 Ill. 434.   Defend-
ant having shown to the court that the ordinance was not
legally adopted (Schofield v. Village of Hudson, 56 Ill. App.
191), the court properly sustained the objection to the ordi-
nance, and properly directed a verdict for defendant, as
the ordinance was necessary to sustain the fifth count.

Before the court ruled upon the objection to plaintiff's
ordinance, defendant offered to the court certified copies of
certain other ordinances and proceedings, to the introduc-
tion of which due objections and exceptions by plaintiff
were preserved.   The certificate of the clerk was not only
that they were true copies, but also that the proceedings so
certified contained the only reference to certain matters in
the journal of the council proceedings from 1884 to Septem-
ber 4, 1899.   Under the general act for the incorporation
of cities and villages, and under our statute relative to evi-
dence, copies of ordinances and council proceedings, certified
by the clerk, are made competent proof.   But our attention
is not called to any statute which authorizes the city clerk
to create proof of the non-existence of any fact or record
by his official certificate.   Such negative proof requires
oral testimony, under oath, of a search made, and its results.
Cross v. Pinckneyville Mill Co., 17 Ill. 54; 2 Jones on Evi-
dence, section 555.   In a note to 1 Greenleaf on Evidence,
section 498, it is said that a notary's certificate that no note
of a certain description was protested by him, is inadmis-
sible.   We conclude that so much of the clerk's certificate
as stated what the record did not contain was incompetent,
and that if the instrument had been offered to the jury it
would have been error to admit it, because matters would
be got before the jury by the certificate which could only

be shown by a witness examined orally.   But as this proof was only offered to the court in support of the objection to plaintiff's ordinance, no harm was done by the improper recitals of the certificate.   It is not necessary to determine whether said papers last referred to tended to support defendant's objection to plaintiff's ordinance, as said objection was properly sustained on the grounds already stated.

The first count of the declaration, after proper averments as to the railroad and train and highway, and the position and due care of deceased, averred that " defendant then and there, by its servants, so carelessly and improperly drove and managed the said locomotive and engine and train of cars, that by and through the negligence and improper conduct of the defendant, by its said servants in that behalf, the said locomotive engine and train of cars then and there ran and struck with great force and violence, upon and against the said horses, wagon, and said John Johnson, and thereby the said John Johnson was then and there thrown to and upon the ground and killed by said locomotive engine with said train of cars attached thereto."   The objection made to this count is that the allegation of negligence is too general.   This objection is considered and overruled in Chicago City Ry. Co. v. Jennings, 157 Ill. 274, and we need not repeat the reasons given there nor the authorities there cited.   To the same effect are C. & A. R. R. Co. v. Redmond, 171 Ill. 347; Chicago General Railway Co. v. Carroll, 189 Ill. 273, and I. C. R. R. Co. v. Aland, 192 Ill. 37.   These authorities are decisive that the first count stated a good cause of action.

The fourth count, after stating the operation of the railroad and freight train by defendant, averred that the city of Plano was a populous city, of, to wit, two thousand inhabitants, and that it was the duty of the defendant to have driven its train through said city in such a manner and at no greater rate of speed than would reasonably be safe in a populous city like the city of Plano; but that defendant drove said engine, attached to said train, through said city and across a certain crossing of said railroad and a certain

public highway known as Ben street, in said city, in an
unreasonable and negligent and improper manner, and at an
unreasonable and unsafe rate of speed, and that deceased,
while driving along said Ben street and across said railroad
and exercising due care, was thereby struck by defendant's
engine and train, driven at such unreasonable and unsafe
rate of speed, and by means thereof was then and there
killed. It is argued in support of the demurrer, that in the
absence of municipal regulation, a railroad company may
run its train through a populous city at any rate of speed
it chooses, provided due regard is had to the safety of the
passengers on the train. That this position is not the law,
has been repeatedly announced by the Supreme Court of
this State. C. & A. R. R. Co. v. Engle, 84 Ill. 397; Wabash
R. R. Co. v. Henks, 91 Ill. 406; C. & N. W. Ry. Co. v. Dun-
leavy, 129 Ill. 132; E. J. & E. Ry. Co. v. Raymond, 148 Ill.
241; Overtoom v. C. & E. I. R. R. Co., 181 Ill. 323. In
Partlow v. I. C. R. R. Co., 150 Ill. 321, the court said:

"In the absence of a statute or ordinance, a railroad com-
pany has the undoubted right to establish the speed of its
trains; but, under the rules of the common law, a railroad
company is required to exercise its franchise with due regard
to the safety of its passengers and such persons as may
travel on the highways crossing railroad tracks, and in
establishing the rate of speed that their trains may be run,
due regard must be had not only to the safety of passengers,
but also to the safety of all persons, in the exercise of ordi-
nary care, traveling on the highways over and across rail-
road tracks."

The expression by us in C. & N. W. Ry. Co. v. Bunker,
81 Ill. App. 616, is to be confined to the case then before
the court, which related to the killing of live stock at a farm
crossing, not in a populous city or community, and not even
at a public highway crossing. In C. & A. R. R. Co. v.
Pearson, 71 Ill. App. 622 (relating to an accident at the
crossing of a railway over a village street), we said high
speed was not negligence as a matter of law, but the jury
might properly find it negligence as a matter of fact. The
opinion of the Supreme Court in C., B. & Q. R. Co. v. Lee,
68 Ill. 576, does use language, on page 582, apparently sup-

C., R. I. & P. Ry. Co. v. Keely.

porting the proposition that in the absence of municipal regulation a railroad company may adopt such rate of speed as it deems advisable, if consistent with the safety of its passengers. But upon examining the prior report of the same case in 60 Ill. 501, where the facts are stated, it will be found the court was not speaking of speed in a populous city, but at a highway crossing in the country. It is further argued that the language of the fourth count, charging negligence, is too general, and that said count does not state the facts which raise the duty therein alleged. That count does not state whether the crossing was or was not in a populous part of the city and over a much traveled street, as in the fourth count in the Raymond case, *supra*, and in the Overtoom case, *supra*. It does not expressly state for whom the speed of the train was unsafe. This language, however, is no more general than like allegations in the first counts in the Dunleavy and Henks cases, *supra*. Moreover, excluding the allegations as to speed, the fourth count charges defendant drove said train over said crossing in an unreasonable and negligent and improper manner, and that plaintiff's intestate was struck and killed by means thereof, and this seems to state a cause of action under the rules laid down in the Jennings case, *supra*. The fourth count is certainly loosely drawn, and we do not commend it, but we feel compelled by the cases above cited to hold it sufficient, under the demurrer here interposed, which seems to have been oral and general only. The judgment is therefore reversed and the cause remanded.