Orville B. Gorin, et al., Plaintiffs, v. James M. McFarland, et al., Defendants.
R. Wayne Gill, J. W. Patterson, and William G. Traver, Plaintiffs-Appellees, v. Lee Boland, Defendant-Appellant.

Gen. No. 11,022.

Fourth District.

May 13, 1969.

Lee Boland, pro se, of Decatur, and Harris and Harris, of Lincoln (Homer B. Harris, Jr. and Lee Boland, of counsel), for appellants.

Downing, Smith, Jorgenson & Uhl, of Decatur (Elbert S. Smith, of counsel), for appellees.

SMITH, J.

To function lawfully, must the five trustees administering the charitable trust created by the will of James Millikin act unanimously or may they act by a majority vote of the trustees? The trial court held that a majority vote was sufficient and defendant Boland, one of the trustees, appeals. The trial court's decree is in error, he says, because (a) declaratory judgment relief is neither appropriately alleged nor adequately proven, and (b) the law requires the Millikin testamentary trustees to act by unanimous vote.

 When this case was here before, it was reversed and remanded for further proceedings because of procedural infirmities. 80 Ill App2d 398, 224 NE2d 615. Those infirmities have been removed and we now consider the two issues presented on their merits. Appellant Boland readily concedes that testamentary trustees may seek judicial aid in directing them in their duties in a court of equity or may file a suit for a will construction. Neither course was pursued by the plaintiffs-appellees, but instead they sought a declaratory judgment of their rights. Appellant Boland likewise concedes that an "actual controversy" as understood in the barber shop, on the street corner or at the breakfast table does exist but says this is not sufficient under Ill Rev Stats 1965,

349

c 110, § 57.1, for the reason that the issue as here presented is not a justiciable issue. It is not a justiciable issue within the language of the statute for the reason that no actual controversy exists. It is asserted that to have an actual controversy the parties must have adverse legal interests in property or personal rights and seek an adjudication of them. There are no property rights of any of the trustees involved here and hence there is no actual justiciable controversy. In support of this position, appellant cites the Exchange Nat. Bank of Chicago, Trustee v. The County of Cook, 6 Ill2d 419, 129 NE2d 1. He lifts bodily out of language on page 422 of the Illinois citation and page 3 of the Northeastern citation, the words "parties having adverse legal interests." This same case further states "A 'controversy' in this sense must be one that is appropriate for judicial determination. . . . A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot." There seems to be little doubt but that the relief here sought through declaratory judgment could be sought either through a suit in equity for direction or through a suit to construe the will. We find some difficulty in labeling the issue here presented nonjusticiable when all parties concede that it is justiciable in either of the two types of suits mentioned. One of the assets of the trust is 55% of the capital stock of Millikin National Bank and the trustees are charged with the duty of voting that stock for the election of directors in that bank. It appears that the inability to agree in the performance of this duty was responsible in part at least for the precipitation of this lawsuit. On this record, it is unrealistic to find that there is no actual controversy between the parties or that the controversy is not a proper subject for judicial determination. The trustees are frozen on dead center in the performance of an important duty under the Millikin Trust. While declaratory

350

judgment was not designed to supplant existing remedies, it is an alternative or additional remedy to facilitate the administration of justice and to fix and determine right without waiting for the ax to fall. LaSalle Cas. Co. v. Lobono, 93 Ill App2d 114, 236 NE2d 405. It is an appropriate remedy here to unfreeze the frozen.

██ ██ The Millikin will created both private and public or charitable trusts and has been in operation since 1909. In 1941, the private trust terminated and the charitable trust has continued in operation since that time. Until January of 1966, the trustees had acted by unanimous action. The Millikin will does not affirmatively require unanimous action. Whether such unanimity resulted from the belief that the will required them to so act or that the law required them to so act or whether they labored until unanimity was reached is not clear from this record. Whatever may have been the belief or whatever may have been the practice, neither acquire immortality unless immortality is given them in the instrument creating the trust. In Restatement of the Law, Trusts 2d, 275, § 383 it is stated: "If there are several trustees of a charitable trust, the powers conferred upon them can properly be exercised by a majority of the trustees, unless it is otherwise provided by the terms of the trust." A perusal of the text writers on the subject, such as Scott, Bogart, Pomeroy and Perry, indicates that this is the accepted view in this country. In Illinois, that view has been recognized by our legislature in Ill Rev Stats 1967, c 148, § 33, where is stated "when more than two trustees are required to execute a trust, a majority of the trustees shall be competent to act in all cases, after written notice of the time and place of the meeting at which such contemplated action is to be taken has been given to each of the trustees at least five days before any action is taken, unless the instrument or authority creating the trust shall otherwise provide." The will of James Millikin does not in express language or

351

by reasonable interpretation otherwise provide. The defendants insist that the rules thus pronounced are academic rules which are interesting, but do not apply to testamentary trusts. Any doubt on this subject is laid to rest by § 32.1c of the foregoing legislative enactment which defines a trust as one created by will, deed, agreement, declaration, written instrument or in any lawful manner and that the word "trustee" of any such trust means the trustee, or any successor trustee whether appointed by the instrument creating the trust, by order of court or otherwise. Since the will of James Millikin does not specifically preclude the application of this statute, there is little persuasive reason for denying full effect to this public policy as declared by the legislature. Both sides agree that Mr. Millikin was presumed to know the law; both sides agree that a majority of trustees in a charitable trust had the power to act at common law; however, they part company on the question of whether or not that common law rule applies to a testamentary trust. Defendant appellant points out the fact that on the question of compensation, the legislature has distinguished between private trusts, charitable and religious trusts and testamentary trusts. Be that as it may, it is not persuasive so far as the statute previously quoted is concerned which makes no such distinction on the precise question here involved. For practical reasons as well as the fulfillment of sound legal principles, the decree of the trial court should be and it is hereby affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.