(No. 28188.—

A. J. WUELLNER *et al.,* Appellants, *vs.* ILLINOIS BELL TELEPHONE COMPANY, Appellee.

*Opinion filed March 21, 1945—Rehearing denied May 17, 1945.*

ed

VERLIE, EASTMAN & SCHLAFLY, and EMERSON BAETZ, both of Alton, for appellants.

SIDLEY, MCPHERSON, AUSTIN & BURGESS, of Chicago, and WARNOCK, WILLIAMSON & BURROUGHS, of Edwardsville, (KENNETH F. BURGESS, HOWARD P. ROBINSON, and ROBERT A. SPRECHER, all of Chicago, and GEORGE D. BURROUGHS, of Edwardsville, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on leave to appeal granted to review the judgment of the Appellate Court for the Fourth District, which affirmed the judgment of the circuit court of Madison county dismissing appellants' amended complaint on motion.

The complaint consists of two counts, both relating to a written contract, a copy of which is attached to the complaint, by which appellants agreed to erect for the appellee

a certain building at Wood River, Illinois. By the first count, appellants claim that the contract was upon a so-called "cost plus" basis by which the appellee promised to pay the actual cost of materials furnished and work done plus a fee for overhead and profit. It is said in the first count that the contract purports to fix a maximum cost and fee of $43,475 and further obligates appellants to make detailed reports of costs, and that paragraph H of the contract directs appellants to submit, through appellee's agent and architect, a final complete statement showing total cost, and provides that appellee, if it be not bound to pay the cost there shown, must object to such statement within thirty days of its submission. This count alleges that the total cost and fee for erection of the building amounted to $53,309.51 and that of this amount only the sum of $158.59 was objected to on statement of total cost made by appellants in accordance with paragraph H. The count further alleges that appellee has paid $35,400 and has tendered $8582.81, which appellants have refused to accept in full satisfaction.

The second count, in addition to the allegations of the first, alleges that the provision of the contract to the effect that the overall cost and fee should not exceed $43,475 was for the sole benefit of the appellee, and that such provision was waived by (a) demanding the use of other materials than those required for a substantial compliance with the specifications, which materials increased the cost over the maximum cost contract, and (b) by repeatedly and without reasonable cause delaying approval of the plans, drawing and materials submitted by appellants for use in the building, thereby causing appellants to expend sums which increased the cost of the building above the maximum price.

The appellee moved to dismiss the amended complaint on the ground that the contract itself showed it was not

a cost plus contract but a maximum cost contract; that the allegation in count one of the complaint that the contract was a cost plus scheme is merely a conclusion of the pleader, not borne out by the actual terms of the contract; that neither count of the amended complaint states a cause of action as a matter of law; and that the allegations of count two that the maximum price requirement was waived are not allegations of ultimate fact but mere conclusions.

Appellants urge here that the Appellate Court gave no consideration to its first contention, *i.e.,* that if the complaint was not sufficiently definite appellee should have moved for a more definite and certain demand or for a bill of particulars; that under the Civil Practice Act a complaint cannot be dismissed because couched in too general terms or because indefinite. Appellants' counsel cite sections of the Civil Practice Act providing that where the complaint is indefinite, the proper procedure is to move for a more specific complaint. There is nothing in any provision of the Civil Practice Act, however, which excuses the necessity of stating a cause of action. As is provided in section 45, paragraph (1), of the Civil Practice Act, (Ill. Rev. Stat. 1943, chap. 110, par. 169,) : "All objections to pleadings heretofore raised by demurrer shall be raised by motion. Such motion shall point out specifically the defects complained of, and shall ask for such relief as the nature of the defects may make appropriate, such as the dismissal of the action or the entry of a judgment where a pleading is substantially insufficient in law, or that a pleading be made more definite and certain in a specified particular, * * *." It is thus seen that a motion to dismiss may be entertained where the complaint fails to state a cause of action, and the Appellate Court, by affirming the judgment of the circuit court, in effect passed upon appellants' contention.

Appellee says here that in neither of the counts of this complaint was a cause of action stated. The motion to dismiss was not verified, hence reaches only defects appearing on the face of the complaint. (Ill. Rev. Stat. 1943, chap. 110, par. 172.) The provision of the contract referred to in the first count of the complaint as paragraph H, characterized by counsel as an audit provision, provides that when the work has been fully completed and the contractor has rendered to the architect for the owner a complete and itemized statement in writing, as a final statement, showing the actual cost to the contractor of the work performed, the owner has a right to have the statement audited and within thirty days may object to items specified. It is further provided in that paragraph that in the event the owner does not give notice of such objection, the statement shall be conclusive of the actual cost of the work and the certificate is to be accordingly issued by the architect. This, as construed by appellants' counsel, precludes objection by appellee that the overcharge violates any other provision of the contract or any other matter pertaining to the fulfillment of the contract.

This construction of paragraph H, however, ignores the provisions of paragraph B of the contract designated "GUARANTEED MAXIMUM COST," which reads as follows: "The work covered by this agreement is to be performed by the contractor on the basis of actual cost of labor, material and equipment plus a fee of $3200 for overhead and profit to the contractor. The contractor guarantees that the actual cost plus fee will not exceed the amount of this agreement $43,475.00. Should said actual cost plus contractor's fee be less than the guaranteed maximum amount, 20% of the difference or savings shall be paid to the contractor as additional compensation and the remaining 80% shall revert to the Owner. Should said actual cost plus contractor's fee exceed the guaranteed maximum amount, such excess shall be borne by the contractor. It is the

intent hereof that the cost to be paid by the Owner for work covered by this agreement shall in no event exceed the amount set forth, and further, that said contractor guarantees this. The guaranteed maximum amount may be increased or decreased by additions or deductions, but only by change orders in writing signed by the Architect and the Owner, as provided for by Article Five herein. In connection with any such increase or decrease in the guaranteed maximum amount, the order shall include for contractor's overhead and profit $7\frac{1}{2}\%$ of the estimated cost of the work to be added or omitted."

It is clear from this paragraph that the contract is not a so-called "cost plus" contract but is rather a guaranteed maximum cost contract. Read with paragraph H, it is clear that the latter provision is not inconsistent with the provision regarding the maximum cost but affords the owner opportunity to participate in any difference or saving in the actual cost to the extent of 80 per cent thereof, and to object to any item whether within or without the guaranteed price. The audit provision does not refer to paragraph B, nor does it require that the owner object if there be a violation of the guaranteed maximum cost provision. Paragraph B provides the only method by which the cost may be increased. The complaint does not allege that such method was complied with. There is nothing in the audit provision which gives, either expressly or impliedly, a right of action for a sum in excess of the maximum provision simply by reason of the omission of the appellee to object to such excess. It seems clear that the first count does not state a cause of action.

Appellants in their petition for leave to appeal stress count two rather than count one as stating a cause of action. This count refers to that part of the contract which contains the language "Guaranteed maximum contract amount $43,475.00," and that the owner agrees to pay the contractor not to exceed the sum of $43,475. These

provisions, the count alleges and appellants argue, were made for the exclusive benefit of the appellee and could be, and were, waived in the manner hereinbefore indicated. Count two does not allege that the appellee waived the requirement that the added cost be agreed to in writing. The contract itself contemplated that additions to the maximum cost might be made but such could be done only by an agreement in writing. There is no allegation in the complaint that such an agreement was entered into or that there was a waiver thereof. In other words, the extras that were put in by the contractor did not constitute a waiver nor did the demand alleged by count two to have been made by the appellee. The contract declared upon was specific in requiring that any addition shall be authorized in writing. Under the provisions of the contract, there being no allegation of change in accordance with the terms thereof, such allegations as appear in the second count of the complaint are but conclusions and do not state a cause of action. The allegations of fact, upon which it is contended a waiver is alleged as a matter of law, do not, of themselves, constitute an allegation of waiver of the provisions of the contract. There is no allegation in the complaint that the appellants acceded to any such demand or that there was any substitution of, or increase in, materials in accordance with such alleged demand of the appellee. We are of the opinion that the second count also fails to state a cause of action. It follows that the Appellate Court was right in affirming the judgment of the circuit court. Its judgment is affirmed.

*Judgment affirmed.*