*Decree affirmed.*

SCHEINEMAN, P. J., and CULBERTSON, J., concur.

Ed Blohm, Appellee, v. H. Shannon Kagy et al., Appellants.

Term No. 50M9.

Heard in this court at the May term, 1950. Opinion filed September 20, 1950. Released for publication October 20, 1950.

MILLER & PFAFF, of Salem, for appellants.

DOWELL & DOWELL, of Salem, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

On November 29, 1948, Ed Blohm, a contractor, plaintiff appellee, filed an action in the circuit court of Marion county against H. Shannon Kagy and B. Lucille Kagy, defendants appellants, hereinafter referred to as defendants, to foreclose a mechanic's lien. The Marion County Building and Loan Association, a corporation, was made a party defendant because they held a mortgage on the property in question.

In his complaint, the plaintiff alleges: that he entered into a verbal agreement with Kagys to remodel their house for the approximate sum of $6,500; that under the oral agreement old materials obtained from tearing down a portion of the original structure were to be used in remodeling; that later the Kagys insisted on using new materials rather than the old ones; that when advised by the appellee that the estimate of cost would be materially changed, the Kagys notified him to proceed with the work; and that, by doing so, they have waived the original verbal agreement and estimate thereto. The original estimate read as follows:

ESTIMATE

For: S. Kagy

Address ................................

| | |
|---|---:|
| Excavating and Concrete | 100 |
| Wrecking Old Bld. | 150 |
| Material | 1900 |
| Labor | 2000 |
| Plumbing | 800 |
| Wiring | 150 |
| Painting | 300 |
| Floor Sanding | 75 |
| Plastering and Lath | 450 |

| | | |
|---|---|---:|
| | | 5925 |
| 10% | | 592.50 |
| | | 6517.50 |

The complaint also states that the building was remodeled under the verbal agreement together with the changes and extras and the value of the labor and material totaled $9,595.87. This total included the original estimated cost of $6,500, the cost of the labor and material for extras claimed in the sum of $3,058.29, and interest of $37.58. Defendants were given credit in the amount of $4,591.45; consequently, the plaintiff prayed for a lien against the Kagys in the amount of $5,004.42.

By their answer the Kagys denied the material allegations of this complaint and filed a separate answer alleging the formation of a written contract with the appellee to remodel their house for the sum of approximately $6,500 or less. The alleged contract read as follows:

"I agree to supervise and furnish all scaffolding and tools for remodeling home as per plans for Mr. and Mrs. Shannon Kagy.

I will be responsible for all bills for material and labor till job is completed and I also carry Workmen's Compensation.

Cost of remodeling as per plans to be approximately, sixty-five hundred dollars ($6500.00) or less.

Signed: Ed Blohm"

Its execution is not denied but the parties disagree as to its interpretation. The allegations of the answer and the proof showed that the defendants had paid $4,500 to plaintiff and had tendered an additional $2,000 in full payment. This tender was refused by the plaintiff.

The evidence was heard by the court without reference to a master. After trial, a decree was entered in accordance with plaintiff's complaint granting to

him a first lien in the sum of $5,004.42 upon the property described. The decree provided that in the event of the failure by the Kagys to pay this sum within thirty days, that the property be sold at public sale in accordance with the statute so providing.

 The contract in question consists of the written offer made by the plaintiff Blohm and its explanation as contained in the oral agreements as to plans and specifications, the floor plan, and the estimate. The floor plan and the estimate are important in resolving the ambiguities contained in the offer. The offer was accepted and work was begun under the terms of the contract. The estimate contained a provision for a 10 per cent commission to be paid to the contractor for supervising the construction. The offer stated a maximum cost for the work to be done. Considering all of these elements of the contract, we agree with the contention of the defendants that this contract is a ''cost plus'' contract with a guaranteed maximum (*Wuellner v. Illinois Bell Tel. Co.*, 390 Ill. 126). The plaintiff admitted this when he testified that he had told the Kagys that if he could do the job for less, he would show them the bills and charge them less.

Plaintiff contended that as work progressed he and the defendants agreed upon changes to be made in the original contract and upon extras not covered by the original estimate. The evidence consisted of testimony and exhibits concerning these changes or alterations and the extras. Since the allegations of the complaint concerning the total cost of the work done were denied by answer and were in issue, the burden of proof to show this total was upon the plaintiff. Yet there is no evidence to show either what the actual cost of the work contemplated by the original contract amounted to or what the total cost of the work actually done was. The total of all items proved was less than $5,000. Since the case must be remanded for new trial, we

refrain from commenting on the manifest weight of the evidence as to increased costs occasioned by alterations or extras claimed.

In this case, the plaintiff has the burden of proving: (1) the actual cost of the work done in compliance with the terms of the original contract; (2) that the claimed alterations of the original contract and extras were separately agreed upon between the parties; and (3) the agreed or reasonable cost of such alterations and extras. The defendants then should be ordered to pay these costs plus a 10 per cent supervisory fee less any credits to which they may be entitled. The total charge for the work performed in compliance with the terms of the original contract cannot exceed the sum of $6,500, including the supervisory fee. The plaintiff is also entitled to any additional cost necessitated by authorized changes and extras plus a 10 per cent supervisory fee.

Since the burden of proof was not sustained as above pointed out, the decree of the circuit court is reversed and the cause remanded for new trial.

*Reversed and remanded.*

SCHEINEMAN, P. J., and CULBERTSON, J., concur.