La Salle Casualty Company, an Illinois Insurance Corporation, Plaintiff-Appellant, v. Charlotte Lobono, et al., Defendants-Appellees.

**Gen. No. 51,550.**

First District.

March 13, 1968.

Orner & Wasserman, of Chicago (Norton Wasserman, of counsel), for appellant.

Van Duzer, Gershon, Jordan & Petersen, and White, White & Berman, of Chicago (Louis Gershon, Horace W. Jordan, James H. Handler, Arthur L. Berman, and Wayne Rhine, of counsel), for appellees.

MR. JUSTICE CRAVEN delivered the opinion of the court.

Plaintiff insurance company appeals from the judgment of the circuit court of Cook County dismissing, upon motion, a complaint for declaratory judgment action and entering judgment for defendants.

An action for declaratory judgment had been brought by plaintiff, a dramshop liability insurer, against its insureds, William Sagall, dramshop operator, Albert H. Wolff and Hannah Wolff, building owners, and Charlotte Lobono and Joseph Lobono, claimants in a suit for personal injuries allegedly sustained by Charlotte Lobono in Sagall's tavern. In this action, plaintiff-insurer sought an adjudication that its insurance policy did not obligate it either to defend its insured in the personal injury suit or to satisfy any liability which might be imposed upon its insured in the suit.

Plaintiff alleged that its policy contained certain clauses which excluded coverage of a claim arising for injuries,

either caused by Sagall's bartender or resulting from insured's sale or gift of liquor to that bartender. Plaintiff prayed that the court declare its liability insurance coverage did not extend to the claims filed nor require it to defend its insured in the personal injury suit, and that the defendants had no interest in or liens upon the proceeds of the policy.

The trial court's dismissal of the complaint recited that it had not "passed on the question of the interpretation of the exclusions in the Plaintiff's dram shop policy or their applicability to these facts" but sustained the motions to dismiss "for the reason that there is an adequate remedy at law."

 The adoption of the declaratory judgment procedure in Illinois by addition in 1945 of section 57.1 to the Illinois Civil Practice Act (SHA, c 110, § 57.1) brought Illinois in line with some other 42 states adopting this remedy. A federal statute adopted the general declaratory judgment procedure in 1934, and many special declaratory judgment statutes are in effect in numerous states. This remedy is strictly procedural. It creates no new substantive rights. It is designed to afford security and relief against uncertainty with a view to avoiding litigation, rather than in aid of it, and to settle and fix rights before there has been an irrevocable change of position of the parties in disregard of their respective claims of right, and thus promote peace, quiet and justice, with the end always constantly in view that one of the chief purposes is to declare rights rather than to execute them. Freeport Motor Cas. Co. v. Tharp, 406 Ill 295, 94 NE2d 139 (1950). Historical and Practice Notes, SHA (1956) c 110, § 57.1. In order to carry out the purpose for which this remedy was designed, the courts have given a liberal interpretation of the act.

 The construction of a clause in an insurance policy is the proper subject of a declaration of rights in a declaratory judgment action. Lentin v. Continental Assur.

Co., 412 Ill 158, 105 NE2d 735 (1952), 44 ALR2d 463, 142 ALR 8, 12, 16 Am Jur (1960 Supp), Declaratory Judgments § 35.

■ A litigant need not wait until the blow has fallen to seek a construction of an insurance policy where a controversy exists, Walton Playboy Clubs, Inc. v. City of Chicago, 37 Ill App2d 425, 185 NE2d 719 (1st Dist 1962) ; Farmers Elevator Mut. Ins. Co. v. Burch, 38 Ill App2d 249, 187 NE2d 12 (4th Dist 1962), or until a personal injury suit has proceeded to judgment, Farmers Automobile Ins. Ass'n v. Janusick, 30 Ill App2d 352, 174 NE2d 705 (2nd Dist 1961) ; Lincoln Cas. Co. v. Vic & Mario's, Inc., 62 Ill App2d 262, 210 NE2d 329 (2nd Dist 1965).

■ That an adequate legal remedy exists is not grounds for refusing to entertain a complaint for declaratory judgment as the mere existence of another form of remedy does not necessarily preclude judgment. While declaratory judgment was not designed to supplant existing remedies, it is an alternative or additional remedy to facilitate the administration of justice. When a complaint seeks relief declaring rights in an actual and legal controversy, declaratory judgment may lie even though there is another adequate legal remedy. American Civil Liberties Union v. City of Chicago, 3 Ill2d 334, 121 NE2d 585 (1954) ; Koziol v. Village of Rosemont, 32 Ill App2d 320, 177 NE2d 867 (1st Dist 1961) ; State Farm Mut. Automobile Ins. Co. v. Morris, 29 Ill App2d 451, 173 NE2d 590 (2nd Dist 1961).

■ ■ A complaint for declaratory judgment which alleges facts showing an actual or justiciable controversy between the parties and prays for a declaration of rights and other legal relations of the parties is sufficient to state a cause of action as against a motion to dismiss for its insufficiency. Koziol v. Village of Rosemont, supra. In the instant case, a reading of the complaint shows that it seeks a construction of an insurance policy and its

exclusionary clauses as these apply or not to a pending action for personal injuries, and a declaration of the rights of the parties under the policy. It alleges a controversy which is justiciable. The complaint was legally sufficient.

■■■■■ The trial court failed to observe the basic distinction between refusal to grant declaratory relief and refusal to entertain the action as against a motion to dismiss. The trial court has a discretion as to granting declaratory judgment even though the statute would permit a judgment under the facts. Kitt v. City of Chicago, 415 Ill 246, 112 NE2d 607 (1953); Goodyear Tire & Rubber Co. v. Tierney, 411 Ill 421, 104 NE2d 222 (1952). However, when considering a motion to dismiss the complaint, the court has no exercise of discretion where the complaint states a cause of action. It is only where the plaintiff is entitled to no relief on the facts alleged that the complaint should be dismissed. Goldberg v. Valve Corp. of America, 89 Ill App2d 383, 233 NE2d 85 (1st Dist 1967); Greene v. Gust, 26 Ill App2d 2, 167 NE2d 438 (1st Dist 1960).

■■■■ In the instant case, the complaint stated a cause of action appropriate for a declaratory judgment action. While we fail to perceive any other available legal remedy which would afford the plaintiff adequate relief under the facts, even the existence of such a legal remedy is not alone proper grounds for dismissing the complaint. The trial court should have denied the motions to dismiss and heard the matter for declaratory judgment.

For the above reasons, the judgment dismissing the complaint and entering judgment for defendants was erroneous and should be, and is, reversed and remanded with directions to proceed in a manner consistent with this opinion.

Reversed and remanded with directions.

SMITH, P. J. and TRAPP, J., concur.