THE CHARLESTON NATIONAL BANK, Plaintiff-Appellant, *v.* S. JOHN MULLER *et al.*, d/b/a MULLER & KOMADA, a Law Partnership, *et al.*, Defendants-Appellees.

(No. 12260; )

Fourth District—January 16, 1974.

Jack H. Anderson and William A. Sunderman, of Anderson Law Offices, of Charleston, for appellants.

S. John Muller and Paul C. Komada, *pro se*.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

The facts upon which this appeal is based are not in dispute. On October 10, 1972, the Columbian Savings and Loan Association issued a check drawn on The Charleston National Bank, Charleston, Illinois, payable to LaVerne Hardesty in the amount of $200. The check was later deposited in their account in the Coles County National Bank of Charleston, Illinois, by S. John Muller and Paul C. Komada. At the time of deposit, the check did not bear the endorsement of the payee, LaVerne Hardesty. The check was transferred by routine banking transactions and was subsequently returned to Columbian Savings and Loan, which refused to honor the check for lack of endorsement and demanded credit to its account from The Charleston National Bank. Muller and Komada then notified the Charleston Bank that there was a wrongful dishonor of the check, and they subsequently filed a small claims complaint against the Charleston bank claiming $200 damages for wrongful dishonor of the check and $600 consequential damages.

The Charleston bank then filed a complaint for declaratory judgment against the appellees praying that the court enter a declaratory judgment declaring the rights and liabilities of the parties. It further moved the court to consolidate the small claims suit filed by Muller and Komada with its suit for declaratory judgment. Appellees filed a motion to dismiss the action instituted by appellant, in which they contended that there was another action pending between the same parties and for the same cause and that appellant does not have standing to bring such action. An associate judge entered an order dismissing the action for declaratory judgment without stating any reasons therefor, and appellant then appealed the order dismissing its suit.

■■ One of the two issues raised by appellant in this appeal is whether its complaint stated a good cause of action for declaratory judgment. It is our opinion that it did not. The purpose of declaratory judgment is to declare the rights of the parties before the accrual of an actual claim or before an irrevocable change of position of the parties. (*Midwest Transfer Co. of Illinois v. Preferred Accident Insurance Co. of New York*, 342 Ill.App. 231, 96 N.E.2d 228.) It has been held that the legislature intended the courts to have broad discretion in granting or denying declaratory relief (*Bathe v. Stamper*, 75 Ill.App.2d 265, 220 N.E.2d 641), and that the trial court will be presumed to have acted within its discretion and an abuse of discretion will not be presumed unless the complaining party shows affirmatively an abuse of discretion. *Couch v. Southern Ry. Co.*, 294 Ill.App. 490, 14 N.E.2d 266; *Smith v. Smith*, 36 Ill.App.2d 55, 183 N.E.2d 559.

■■ In the instant case, there is no showing that the trial court abused its discretion. As a matter of fact, it is not necessary for this court to engage in a presumption that the court acted within its discretion as referred to in *Couch v. Southern Ry. Co.* and *Smith v. Smith*. The decision in *Goldberg v. Valve Corp. of America*, 89 Ill.App.2d 383, 233 N.E.2d 85, is dispositive of the first issue raised by this appeal. The court there held that whenever declaratory judgment is sought under circumstances where there is another existing remedy then available, the action may be dismissed on motion since the statute was not designed to supplant existing remedies. Here not only was there an existing remedy available to plaintiff which would have been supplanted by this action, there was an existing suit on file which plaintiff moved to have consolidated with this action. To grant the relief sought by plaintiff would be not only to supplant an existing remedy, it would, in effect, have eliminated a suit then pending.

■■ Although the point was not raised in its brief, appellant argues that the small claims court is not a proper forum for a matter as complex as

this transaction. It argues that there is no provision in small claims suits for third-party actions or for pretrial discovery. It is apparent that a full determination of this controversy in one action would require that the Coles County Bank be made a party to the proceedings; however, the record does not disclose that appellant made application to the small claims court to join such bank as a party defendant or that its request for such joinder was denied. The same is true of appellant's argument concerning pretrial discovery. There is no showing that a motion for such discovery was either made or denied.

Appellant's second and final issue presented on this review is whether an associate judge has jurisdiction to hear a case in the General Division without a formal assignment from the chief judge as a matter of record. We are not impressed with appellee's contention that appellant failed to make any such assignment order a part of the record and cannot, consequently, now complain of its absence. If an assignment order did not exist, how could it conceivably have been made a part of the record. Appellees argue that, obviously, there must somewhere be a formal or written order that discloses the matters assigned to the associate judge who presided in the instant case. If there were such an order, appellees surely would have made it a part of the record. In the absence of such an order in the record, we must assume that there was none. The decision as to whether the granting of the motion to dismiss this suit by an associate judge was error must, therefore, rest on the requirements of the 1970 Constitution of Illinois and any statutory enactments implementing it.

The Constitution of Illinois (1970), article VI, section 9, provides:

"Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction * * *."

Since the Supreme Court does not have original and exclusive jurisdiction of actions in declaratory judgment, original jurisdiction lies in the circuit courts.

On the question of the assignment of matters to an associate judge, Supreme Court Rule 295 (Ill. Rev. Stat. 1971, ch. 110A, par. 295) provides:

■■ "The Chief Judge of each circuit or any circuit judge designated by him may assign an associate judge to hear and determine any matters except the trial of criminal cases in which the defendant is charged with an offense punishable by imprisonment for more than one year."

It is not contended that a declaratory judgment action is not the type of case that may be assigned to an associate judge. The sole point raised

is whether the suit upon which this appeal is based was, in fact, assigned to the associate judge who granted the motion dismissing the case.

There is no requirement that cases be assigned to associate judges by formal or written order. It is the customary, if not the daily, practice for circuit judges and associate judges to be assigned specific cases, or even transferred to different counties by personal or oral telephone assignments. To hold that such an oral assignment violates the provisions of Supreme Court Rule 295 would manacle the circuit courts. To require a written or formal assignment order in each specific case to assign a particular circuit or associate judge to the case would be an impossible burden for the circuit courts. Similarly, to require such an order for the assignment of a judge to another court in the county or to another county in the circuit in the event of sickness or inability of the judge presiding at such case or in such county would be equally burdensome.

■■ Appellant did not raise the question of the jurisdiction of the associate judge before his ruling on appellees' motion to dismiss the complaint for declaratory judgment. An associate judge was, in fact, presiding at the hearing on the motion, a fact which was known to appellant at the time. Further, the presiding associate judge cannot be said to have assigned himself to the case. He was selected by the circuit judges of the circuit and worked under the direction of them and the chief judge of the circuit. The simple fact that he was presiding in a court where appellant's suit was filed and appellees' motion was argued is conclusive evidence of the fact that he was suitably assigned to hear their case in the absence of any assignment to the contrary.

Accordingly, the order of the circuit court is affirmed.

SMITH, P. J., and CRAVEN, J., concur.