ROBERT J. GAGNE, Plaintiff-Appellant, *v.* THE VILLAGE OF LaGRANGE *et al.*, Defendants-Appellees.

First District (2nd Division) No. 61656

Opinion filed March 9, 1976.

Alan Masters, of Summit, and Walter C. Wellman, of Lyons, for appellant.

Jack M. Siegel, of Chicago, for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This appeal by Robert J. Gagne (plaintiff), a police officer of the Village of LaGrange, challenges the granting of defendant's motion to strike his complaint for declaratory judgment. In that complaint, plaintiff disputed a reduction in his salary and requested both reinstatement of

his former salary and injunctive relief from a threatened further reduction in salary.

Plaintiff filed a one-count complaint entitled "Complaint for Declaratory Judgment," alleging it was "a case of actual controversy" brought under Ill. Rev. Stat. 1973, ch. 110, par. 57.1, that portion of the Civil Practice Act authorizing declaratory judgments in Illinois (hereinafter section 57.1). The complaint alleges that the Village of LaGrange is a municipal corporation operating under the laws of Illinois and, specifically, under the Board of Fire and Police Commissioners Act (hereinafter Act) (Ill. Rev. Stat. 1973, ch. 24, par. 10—2.1—1 *et seq.*); that plaintiff was appointed a police officer by the said Board of Fire and Police Commissioners in 1964; that during 1973 the president and board of trustees of the Village enacted an appropriation ordinance (not made part of the record) authorizing salaries to be paid to the police department; that as a result of this ordinance plaintiff was paid $1,080 a month; that about June 5, 1973, plaintiff received a notice of personnel change informing him his salary would be reduced to $1,035 a month effective June 16, 1973; and that the reduction was recommended by defendant Heinen (Chief of Police), certified by defendant Dusek (Finance Officer), and approved by the Village Manager, defendant Berley.

In the complaint, plaintiff characterizes this reduction as a "demotion," quoting a definition of that term contained in certain personnel rules (rules) "promulgated" by "the Village of LaGrange, Illinois," a copy of which was attached to the complaint as an exhibit. "Demotion" is there defined as "the change of an employee from a position in one class to a position in another class having a lower maximum salary rate." Plaintiff further alleges in his complaint that the copy of the rules attached to the complaint does not disclose who promulgated the rules.

Plaintiff also asserts in his complaint that the rules were void because the Village was operating under the Act, and that the "demotion" was void because the Act does not authorize such action by the defendant officials and administrators. He further alleges that defendants Heinen and Lane threatened to reduce plaintiff's salary to $995 a month unless he wrote more traffic tickets, the alleged cause of the original "demotion." In his prayer for relief, plaintiff requests that defendants be enjoined from further reducing his salary, that his salary of $1,080 a month be reinstated, and that such other relief as the court deems appropriate be granted.

Defendants did not answer but instead filed a motion to strike the complaint alleging that the action complained of was a mere reduction in salary, which is within the discretion of the defendant officials, and that the determination of salaries is not within the subjects covered by

the Act; that the appropriation ordinance merely set maximum salaries and does not constitute a contract; and that plaintiff has no standing to challenge the personnel rules which give the village manager authority to establish a classification plan and pay plan as well as to administer those plans. Defendants further assert that plaintiff was not "demoted" since he was still in the same position of patrolman and had merely been placed in a different salary "step" as set forth in the rules; and that section 12 of the rules provides for salary reduction of village employees with just cause and for the right to appeal such action, which administrative remedy, defendants assert, plaintiff had not alleged exhausting.[1]

On appeal plaintiff asserts the circuit court erred because (i) the personnel rules are void; (ii) the defendants had no right to demote him; (iii) only the president and board of trustees of the Village have the authority to fix salaries; and (iv) the defendants' motion to strike admits all matters well pleaded.

## I.

We first consider whether a complaint for declaratory judgment, which alleges facts solely in support of its prayer for injunctive relief and reinstatement, is properly dismissed as failing to state a cause of action under section 57.1. This issue is hardly a new one to Illinois law and a review of the applicable cases would be of assistance to its resolution in this case.

Declaratory judgment is a remedy created by statute (section 57.1; *Freeport Motor Casualty Co. v. Tharp* (1950), 406 Ill. 295, 299, 94 N.E. 2d 139) for the purpose of declaring the rights of the involved parties before the accrual of an actual claim (*Charleston National Bank v. Muller* (4th Dist. 1974), 16 Ill. App. 3d 380, 382, 306 N.E.2d 358) or before an irrevocable change in the relationship of the parties has taken place. (*Charleston National Bank; La Salle Casualty Co. v. Lobono* (1st Dist. 1968), 93 Ill. App. 2d 114, 117, 236 N.E.2d 405.) This court has, on previous occasions, noted that this remedy differs from others in that its chief purpose is to declare rights rather than execute them. *La Salle Casualty Co.*

The effect of other remedies on declaratory judgment procedure has been at issue in several contexts. It is clearly permissible to request additional relief under different theories and remedies in a complaint seeking declaratory judgment and in separate counts also requesting other

---

[1] Examination of that section shows demotion and dismissal are also thereby provided for, and that the village manager is the party authorized to both approve such actions and take the aforementioned appeals.

and additional relief. (*Kupsik v. City of Chicago* (1962), 25 Ill. 2d 595, 598, 185 N.E.2d 858; *Young v. Hansen* (2d Dist. 1969), 118 Ill. App. 2d 1, 5, 249 N.E.2d 300.) The provision of the Civil Practice Act creating the remedy was never intended to "supplant" other remedies (see generally *Albright v. Phelan* (1st Dist. 1971), 2 Ill. App. 3d 142, 146, 276 N.E.2d 1), but the mere existence of another adequate remedy does not require dismissal of a declaratory judgment action. (*Albright*; *American Civil Liberties Union v. City of Chicago* (1954), 3 Ill. 2d 334, 353, 121 N.E.2d 585.) Though the mere existence of another adequate remedy does not require dismissal, it can constitute sufficient grounds for dismissal at the trial court's discretion. (*Coles-Moultrie Electric Cooperative v. City of Charleston* (4th Dist. 1972), 8 Ill. App. 3d 441, 444, 289 N.E.2d 491; *Meyer v. County of Madison* (5th Dist. 1972), 7 Ill. App. 3d 289, 291-92, 287 N.E.2d 159.) The motion to strike did not contain an allegation that another adequate remedy may have been present in this case, and the court did not indicate its basis for granting the motion. We cannot say, therefore, that the court exercised its discretion and grounded its decision on such reasoning.

Where a complaint for declaratory judgment fails to state a cause of action, however, it is not necessary to determine the court's actual basis for dismissing the complaint. Indeed, dismissal where such a failure exists is proper even where the grounds relied upon by the court were not valid grounds. *People ex rel. Hamer v. Board of Education* (2d Dist. 1974), 22 Ill. App. 3d 130, 133, 316 N.E.2d 820.

It is a general rule of civil practice law that nothing in the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 1 *et seq.*) excuses a failure to state a cause of action. (*Wuellner v. Illinois Bell Telephone Co.* (1945), 390 Ill. 126, 129, 60 N.E.2d 867; *Johnson v. Johnson* (2d Dist. 1955), 5 Ill. App. 2d 453, 468, 125 N.E.2d 843.) The whole purpose of a complaint, indeed, is to state a cause of action upon which the plaintiff bases his or her claim of liability. (*Spence v. Washington National Insurance Co.* (4th Dist. 1943), 320 Ill. App. 149, 153, 50 N.E.2d 128.) It has often been reaffirmed that, although the provision providing for declaratory judgment is to be liberally construed, the prescribed rules of procedure in actions for declaratory judgment are to be strictly complied with. *E.g., State Farm Mutual Automobile Insurance Co. v. Morris* (2d Dist. 1961), 29 Ill. App. 2d 451, 459, 173 N.E.2d 590, *cert. denied*, 368 U.S. 878, 7 L. Ed. 2d 78, 82 S. Ct. 124; *Weary v. School District #189* (5th Dist. 1974), 20 Ill. App. 3d 37, 39, 312 N.E.2d 764.

In the complaint for declaratory judgment at issue here, the trial court was not asked to declare any rights. More importantly, the facts which were alleged appear to have been set forth solely in support of the

prayers for injunctive relief and reinstatement of plaintiff's former salary. As stated in *Nowicki v. Evanston Fair Housing Review Board* (1975), 62 Ill. 2d 11, 15, 338 N.E.2d 186,188, "[l]abels have long since lost their significance in determining the legal sufficiency of a complaint in an ordinary action at law or in equity * * *." This court noted in *Charleston National Bank*, 16 Ill. App. 3d 380, 382:

> "It has been held that the legislature intended the courts to have broad discretion in granting or denying declaratory relief [citation], and that the trial court will be presumed to have acted within its discretion and an abuse of discretion will not be presumed unless the complaining party shows affirmatively an abuse of discretion. [Citations.]"

Plaintiff has made no attempt to demonstrate—much less actually showing affirmatively—that the court below in any way abused its discretion to deny declaratory relief through dismissal. Furthermore, examining the complaint, we find it does not contain a cause of action for declaratory judgment since what is involved here are rights which have already accrued rather than rights needing to be declared.

## II.

We must next inquire whether, under any theory of relief, the complaint states a cause of action upon which relief can be granted. This inquiry is necessitated by the rule in Illinois that a complaint is properly dismissed only where plaintiff is entitled to no relief on the facts alleged. *La Salle Casualty Co.*, 93 Ill. App. 2d 114, 119; *Greene v. Gust* (1st Dist. 1960), 26 Ill. App. 2d 2, 6, 167 N.E.2d 438; *Goldberg v. Valve Corporation of America*, 89 Ill. App. 2d 383, 389-90.

Having examined the facts alleged in the complaint, we have determined that only one viable potentiality for a cause of action exists, namely whether the personnel rules were lawfully passed by the village president and board of trustees. Initially, it is important to note that the action at issue here was, by the definition included in plaintiff's own complaint, not a "demotion" so much as a reduction in salary since only plaintiff's salary, not his position, was changed. Such reductions are not at all within the contemplation of the Act which is only concerned with the hiring, firing and suspension of police officers and fire department personnel.

The power of the village manager to reduce police officers' salaries in accordance with the personnel rules originates in the authority "[t]o perform such other duties as * * * may be required of him by ordinance or resolution of the board of trustees * * *." (Ill. Rev.

Stat. 1973, ch. 24, par. 5—3—7(8).) If it can be concluded from the facts alleged in the complaint that the rules were lawfully passed by the village president and board of trustees, plaintiff has demonstrated no cause of action. If it cannot be concluded the rules were lawfully passed, plaintiff may have a cause of action and the complaint was improperly dismissed.

In Illinois, under chapter 24 of the Cities and Villages Act (Ill. Rev. Stat. 1973), various forms of local government are authorized. Villages and cities may elect trustees and aldermen at large or from geographical areas, e.g., wards; the municipalities may have a strong mayor, a manager or an administrator form of organization. When a "manager" form of government is used, it is relevant and pertinent to know whether reference is made to a managerial form of government adopted by referendum (Ill. Rev. Stat. 1973, ch. 24, par. 5—1—4) or whether it is a nonreferendum type, also generally referred to as a "manager" or "administrator" operation. The latter type of operation is adopted by means of an ordinance. Regardless of which method is used to establish a "manager" form of operation, the purpose common to both forms is to provide a single person with full administrative authority to carry out the executive or ministerial functions of government. Here the complaint does not adequately set forth facts sufficient to inform the court as to the type of local government in effect in the Village of LaGrange. Nor does the complaint set forth any facts to indicate that the defendant Berley as village manager did not have the authority or power to reduce plaintiff's salary.

In reviewing the court's action in this regard, it is important to note that, in ruling on a motion to strike or dismiss a complaint, the pleading is to be construed most strongly against the pleader. (*Zanbetiz v. Trans World Airlines, Inc.* (1st Dist. 1966), 72 Ill. App. 2d 192, 198, 219 N.E. 2d 98; *Shlensky v. Wrigley* (1st Dist. 1968), 95 Ill. App. 2d 173, 181, 237 N.E.2d 776; *Carroll v. Caldwell* (1958), 12 Ill. 2d 487, 493, 147 N.E.2d 69.) This principle mainly comes into effect in "resolving ambiguous or inconsistent allegations against the pleader." (*Church v. Adler* (3d Dist. 1953), 350 Ill. App. 471, 479, 113 N.E.2d 327.) Formal admissions in pleadings are judicial admissions, binding and conclusive on the pleader, which have the effect of withdrawing a fact or facts from issue and dispensing wholly with the need for proof of the admitted facts. (*Hastings v. Abernathy Taxi Association, Inc.* (1st Dist. 1973), 16 Ill. App. 3d 671, 676, 306 N.E.2d 498.) A complaint which fails to allege facts, the existence of which is necessary to enable plaintiff to recover, does not state a cause of action, which deficiency cannot

be cured by liberal construction or by argument. *Belmar Drive-In Theatre v. Illinois State Toll Highway Com.* (1966), 34 Ill. 2d 544, 549, 216 N.E.2d 788.

▮▮ The personnel rules at issue do not contain an indication either on their face (*Watts v. Wabash Ry. Co.* (3d Dist. 1920), 219 Ill. App. 549, 553-54) or by way of village clerk's certificate (*McChesney v. City of Chicago* (1896), 159 Ill. 223, 225-26, 42 N.E. 894; *City of Nokomis v. Warsing* (1920), 295 Ill. 414, 416, 129 N.E. 71; *Boyd v. Chicago, Burlington & Quincy R.R. Co.* (2d Dist. 1902), 103 Ill. App. 199, 202) that the rules were lawfully passed by the village president and board of trustees. Plaintiff's complaint, however, contains an assertion that the rules were "promulgated" by "the Village of LaGrange, Illinois." This assertion, which we view as a judicial admission, was obviously made in order to utilize the rules' definition of "demotion." Though the plaintiff also noted the rules do not set forth who passed them, this latter assertion is inconsistent with plaintiff's admitted knowledge of who promulgated the rules. Since pleadings—and especially inconsistencies (*Church v. Adler*)—are most strictly construed against the pleader, plaintiff's admission as to the origin of the rules is not affected by this latter assertion. We find, therefore, that plaintiff foreclosed the only potential issue by his admission in the complaint as to the origin of the rules. With this admission and foreclosure, no interpretation of the facts alleged could state a cause of action, and thus the trial court's granting of the motion to strike was not error or an abuse of discretion.

For the reasons set out above the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS, P. J., and HAYES, J., concur.