MID-TOWN PETROLEUM, INC., Plaintiff-Appellant, *v.* DENNIS G. DINE *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 77-1444

Opinion filed May 8, 1979.

Jeffrey E. Schulze, of Chicago (Samuel E. Alexander, of counsel), for appellant.

Robert C. Thomas, of Chicago (Kennedy, Golan, Morris, Spangler & Greenberg, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Mid-Town Petroleum, Inc., appeals from an order of the circuit court of Cook County which, upon motion of defendant Dennis G. Dine as beneficiary of a trust of which defendant Beverly Bank was trustee, dismissed plaintiff's amended complaint which sought a declaratory judgment as to the validity of a contract and the parties rights and obligations under that contract. The issue on appeal is whether the amended complaint was properly dismissed.

Plaintiff's original complaint alleging an actual controversy sought a declaratory judgment under section 57.1 of the Civil Practice Act. (Ill.

Rev. Stat. 1975, ch. 110, par. 57.1.) The complaint alleged that plaintiff gave defendant Dine a real estate sale contract and check which were accepted by defendant through his agent, Arthur W. Main, Jr.; that thereafter defendants performed all the acts of the sellers under the real estate sale contract, including presenting a title report, preparing and delivering a closing statement, obtaining a trustee's deed, giving plaintiff a letter directing payment of the proceeds, giving plaintiff copies of tax and special assessment bills and sending plaintiff letters transmitting the aforesaid papers; that in reliance on defendants' representations, and pursuant to the directions contained in the pay off letter, plaintiff obtained a certified check for the net balance due and delivered this to its attorney; that after being advised the cash to close was available, defendants refused to close the transaction; and that plaintiff is ready, willing and able to close the transaction. Each document mentioned was referred to as an exhibit and was attached to the complaint.

Defendants' motion to strike and dismiss the complaint was granted; however, plaintiff was granted leave to amend. Plaintiff's amended complaint realleged all the allegations made in its original complaint and further alleged that defendant Dine, knowing of the requirements of the said contract and in an effort to complete the transaction, signed and delivered a direction to defendant bank as trustee to convey the real estate; and that in accordance with this direction, defendant bank prepared and delivered to defendant Dine the deed required by him and obtained his receipt. Plaintiff requested a determination as to whether there was a valid real estate transaction between the parties, where plaintiff was entitled to performance of the transaction, and if so, to require that defendants perform.

Defendants filed a motion to strike the complaint and dismiss the action alleging that the amended complaint was an improper application for declaratory judgment since no actual controversy existed between the parties; that the alleged contract was not signed as a corporate instrument by plaintiff corporation and did not reflect acceptance by the party to be charged; that the alleged seller, defendant Dine, was not charged as the title owner; that the contract and check were merely offers to purchase real estate without acceptance by any authorized party; and that the contract was in violation of the Statute of Frauds.

The trial court entered an order dismissing the action for declaratory judgment without stating its reason. It is from this order that plaintiff now appeals.

## I.

■■ An order that sustains a motion to dismiss without specifying the ground upon which it is based places before the reviewing court each

issue raised by the motion. (*Macie v. Clark Equipment Co.* (1st Dist. 1972), 8 Ill. App. 3d 613, 615, 290 N.E.2d 912.) Therefore, we must first consider whether the amended complaint for declaratory judgment was sufficient to state a cause of action under section 57.1, and second, whether the action was barred by the Statute of Frauds.

## A.

Section 57.1 of the Civil Practice Act provides in pertinent part:

"No action or proceeding is open to objection on the ground that a merely declaratory judgment, decree or order is sought thereby. The court may, in cases of *actual controversy*, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any * * * *contract or other written instrument*, and a declaration of the rights of the parties interested." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 110, par. 57.1.

Pursuant to the statute, the construction of a contract is a proper subject of inquiry in a declaratory judgment action. (*Greene v. Gust* (1st Dist. 1960), 26 Ill. App. 2d 2, 6, 167 N.E.2d 438; *Weary v. School District No. 189* (5th Dist. 1974), 20 Ill. App. 3d 37, 39, 312 N.E.2d 764.) However, the statute requires the existence of an actual controversy between the parties before a declaration of rights may be made.

"Actual controversy" has been interpreted to mean a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375, 362 N.E.2d 298.) The actual controversy requirement was intended to distinguish justiciable issues from abstract or hypothetical disputes (*A.S. & W. Club of Waukegan v. Drobnick* (1962), 26 Ill. 2d 521, 524, 187 N.E.2d 247), thereby preventing courts from passing judgment on mere abstract propositions of law, rendering advisory opinions, or giving legal advice as to future events (*Underground Contractors Association v. City of Chicago*).

This court in *Gagne v. Village of LaGrange* (1st Dist. 1976), 36 Ill. App. 3d 864, 866, 345 N.E.2d 108, discussed the applicability of section 57.1 and stated:

"Declaratory judgment is a remedy created by statute (section 57.1; *Freeport Motor Casualty Co. v. Tharp* (1950), 406 Ill. 295, 299, 94 N.E.2d 139) for the purpose of declaring the rights of the involved parties before the accrual of an actual claim (*Charleston National Bank v. Muller* (4th Dist. 1974), 16 Ill. App. 3d 380, 382,

306 N.E.2d 358) or before an irrevocable change in the relationship of the parties has taken place. (*Charleston National Bank*; *La Salle Casualty Co. v. Lobono* (1st Dist. 1968), 93 Ill. App. 2d 114, 117, 236 N.E.2d 405.) This court has, on previous occasions, noted that this remedy differs from others in that its chief purpose is to declare rights rather than execute them. *La Salle Casualty Co.*"

Defendants contend that the amended complaint did not set forth facts sufficient to allege an actual controversy, and that plaintiff sought a declaration of rights after a claim had accrued. Defendants place primary reliance on *Goldberg v. Valve Corporation of America* (1st Dist. 1967), 89 Ill. App. 2d 383, 233 N.E.2d 85, to support their argument.

In *Goldberg*, plaintiff brought an action for a declaration of rights under the terms of a written employment contract and appealed from an order striking the complaint for failure to state a cause of action for declaratory relief. Plaintiff did not seek a determination as to the validity of the contract but rather sought a declaration as to his status as a discharged employee and consequential money damages. The trial court found no allegations in the complaint as to any uncertainty as to plaintiff's present and existing status under the contract. Since the contractual relationship had been severed, the court found the only bona fide issue presented by the complaint was whether or not plaintiff's discharge was justified, a question reserved for a traditional action ex contractu. This court in affirming, found that plaintiff did not present an actual and present controversy in its truest sense since plaintiff did not seek to have his present rights in an existing contract declared in a preventative fashion but endeavored to have them enforced and executed after the fact. The instant case differs in that plaintiff requests a declaration of his rights under the contract if in fact a valid contract is found to exist.

Defendants argue that plaintiff is in fact asking for specific performance and that a declaratory judgment is not appropriate where there is an existing remedy available. While the existence of another adequate remedy can constitute sufficient grounds for dismissal at the trial court's discretion, it does not necessarily preclude a declaratory judgment and require dismissal. (*Kupsik v. City of Chicago* (1962), 25 Ill. 2d 595, 598, 185 N.E.2d 858; *American Civil Liberties Union v. City of Chicago* (1954), 3 Ill. 2d 334, 353, 121 N.E.2d 585; *Gagne v. Village of LaGrange* (1st Dist. 1976), 36 Ill. App. 3d 864, 867, 345 N.E.2d 108; *La Salle Casualty Co. v. Lobono* (1st Dist. 1968), 93 Ill. App. 2d 114, 118, 236 N.E.2d 405.) In *Albright v. Phelan* (1st Dist. 1971), 2 Ill. App. 3d 142, 148, 276 N.E.2d 1, this court held that "where an actual controversy regarding the validity of the contracts and the parties' rights and obligations under them existed, a declaratory judgment action could best serve to fix the rights of the parties and avoid future litigation." And in *Koziol v. Village of Rosemont*

(1st Dist. 1961), 32 Ill. App. 2d 320, 328, 177 N.E.2d 867, this court discussed the tendency to liberalize the use of the declaratory judgment action and stated: "If there is no particular reason for denying the use of the Declaratory Judgment statute, even though the case presented may come within the scope of some other remedy, the declaratory judgment action should still be used."

The two cases upon which defendants rely to support their argument, present particular reasons in addition to the availability of another remedy for denying a declaratory judgment. In *Goldberg v. Valve Corp. of America*, at page 392, plaintiff sought declaratory judgment as a means to avoid the duty to mitigate his damages, and in *Charleston National Bank v. Muller* (4th Dist. 1974), 16 Ill. App. 3d 380, 306 N.E.2d 358, a declaratory judgment would have eliminated another pending suit.

The instant case does not present such a situation. Further, defendants' motion to strike and dismiss did not contain an allegation that another adequate remedy was available to plaintiff and without knowing the trial court's basis for granting the motion, we cannot assume that the trial court exercised its discretion and grounded its decision on such reasoning. See *Gagne v. Village of LaGrange*, at 867.

● 5 This court has recognized a distinction between the trial court's discretionary power to refuse to grant declaratory relief even though the statute would permit a judgment under the facts and its refusal to entertain the action as against a motion to dismiss where the complaint states a cause of action. (*Gagne v. Village of LaGrange*, at 867-68; *La Salle Casualty Co. v. Lobono* (1st Dist. 1968), 93 Ill. App. 2d 114, 119, 236 N.E.2d 405; *Goldberg v. Valve Corp. of America*, at 389-90.) When confronted with a motion to dismiss, unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to relief, the complaint must be sustained. (*Cain v. American National Bank & Trust Co.* (1st Dist. 1975), 26 Ill. App. 3d 574, 578, 325 N.E.2d 799.) A complaint for declaratory judgment which recites in detail an actual and legal controversy between the parties and prays for a declaration of rights and other legal relations of the parties, states facts sufficient to constitute a good cause of action. *Goldberg v. Valve Corp. of America*, at 390; *Greene v. Gust* (1st Dist. 1960), 26 Ill. App. 2d 2, 5-6, 167 N.E.2d 438.

## B.

■■ The instant controversy focuses on whether a valid contract for the sale of real estate was formed. To properly plead the existence of a contract, it is necessary to allege sufficient facts to indicate an offer, acceptance, and consideration. (*Pollack v. Marathon Oil Co.* (5th Dist.

1976), 34 Ill. App. 3d 861, 864, 341 N.E.2d 101.) It is defendants' contention that plaintiff failed to properly plead acceptance. The amended complaint alleged that on or about September 27, 1976, plaintiff gave defendant Dine a real estate sale contract and a check; that on or about that same date defendant through his agent, Arthur W. Main, Jr., accepted said papers; that thereafter defendants performed acts of sellers under the contract but refused to close the transaction after being advised that the cash to close was available. Defendants argue that the real estate sale contract and check were merely offers to purchase without acceptance by any authorized party; that to characterize Arthur W. Main, Jr., as defendant Dine's agent was a mere conclusion of law; and that the acceptance of "said papers" was not equivalent to an acceptance of the offer.

A motion to dismiss admits all facts well pleaded together with all reasonable inferences which could be drawn from those facts. (*Debolt v. Mutual of Omaha* (3d Dist. 1978), 56 Ill. App. 3d 111, 113, 371 N.E.2d 373.) However, it does not admit conclusions of law or conclusions of fact unsupported by allegations or specific facts upon which such conclusions rest. (*Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 531, 169 N.E.2d 747.) In determining whether a complaint states facts or conclusions, the complaint must be considered as a whole and not in its disconnected parts. *Cain v. American National Bank & Trust Co.*

Attached to the original complaint were various documents referred to in the complaint as exhibits. Exhibits attached to a pleading constitute a part of the pleading for all purposes. (Ill. Rev. Stat. 1977, ch. 110, par. 36.) Because the amended complaint referred to and adopted all allegations made in the original verified complaint, we consider the exhibits attached to the original complaint in addition to the exhibit attached to the amended complaint.

The attached exhibits included a real estate sale contract which was signed by plaintiff and listed plaintiff as buyer, defendant Dine as seller, gave the legal description of the property and the sale price; plaintiff's check for $1,000 in earnest money made payable to "Arthur W. Main, Jr., Attorney"; a letter written by Main to plaintiff's attorney enclosing copies of a trustee's deed, proceeds letter, closing statement, Chicago title commitment, tax and special assessment bills, and requested plaintiff's attorney to contact him regarding a closing date; another letter written by Main's legal assistant to plaintiff's attorney in which a corrected closing statement was enclosed and plaintiff's attorney was requested to contact Main's office in regard to the closing date; a document entitled, "Direction to Convey" signed by defendant Dine which directed defendant bank to convey the property to plaintiff; a deed made pursuant to the direction to convey; plaintiff's check made payable for the balance of the sale price;

and a letter signed by Main's secretary to which the real estate sale contract and $1,000 check were attached, and which informed plaintiff's attorney that the property was being withdrawn from the market. We note that apparently subsequent to the foregoing events, the "Direction to Convey" was altered to substitute another party's name where plaintiff had previously been listed as the grantee. No explanation for this has been alleged by either party. But the fact that this subsequent alteration was made, without more, would not necessarily render the alleged agreement between plaintiff and defendant void or inoperative.

■■ Based upon the exhibits together with all reasonable inferences which can be drawn from them, we find that they constitute allegations of specific facts, which if proven, would establish that an agreement had been reached between the parties for the sale and purchase of the subject real property.

## II.

This brings us to the final consideration of whether plaintiff's action was barred by the Statute of Frauds. Defendants maintain that the real estate sale contract was not signed by the party to be charged which is in violation of the Statute of Frauds. Thus, defendants contend that under section 48(g) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48(g)), the trial court properly dismissed the amended complaint.

■■■ Section 2 of the Statute of Frauds (Ill. Rev. Stat. 1975, ch. 59, par. 2) provides:

> "No action shall be brought to charge any person upon any contract for the sale of lands, * * * for a longer term than one year, unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, * * *."

To satisfy the Statute of Frauds, the writing itself must contain on its face or by reference to other writings the names of the vendor and vendee, a description of the land, the price, terms and conditions of sale, and the signature of the party to be charged. (*Thompson v. Wiegand* (1956), 9 Ill. 2d 63, 66, 136 N.E.2d 781; *Brunette v. Vulcan Materials Co.* (1st Dist. 1970), 119 Ill. App. 2d 390, 396, 256 N.E.2d 44.) The contract need not be on a single piece of paper, but the writings taken together must contain all the essential elements to show a contract between the parties so that there is no need of parol proof of any of the terms or conditions of the sale or the intention of the parties. (*Hartenbower v. Uden* (1909), 242 Ill. 434, 438-39, 90 N.E. 298.) It is necessary that where various writings are involved, they be connected in some definite manner. (*Davito v. Blakely* (3d Dist. 1968), 96 Ill. App. 2d 196, 201, 238 N.E.2d 410.) The signed writing or writings must refer expressly to the other writing, or the several

writings must be so connected, either physically or otherwise, as to show by internal evidence that they relate to the same contract. *Western Metals Co. v. Hartman Ingot Metal Co.* (1922), 303 Ill. 479, 483, 135 N.E. 744.

In the instant case, the "Direction to Convey" dated October 14, 1976, originally directed the defendant bank to prepare a deed to be dated October 15, 1976, conveying the subject property to plaintiff as grantee for "consideration to be shown in deed and other good and valuable consideration." The "Direction to Convey" contained the legal description of the real estate and was signed by defendant Dine, the party to be charged. The record shows that the "Direction to Convey" was altered on its face. A line was drawn through plaintiff's name as grantee and typed above it were the words, "Helen A. Zarr, a single woman." The address of the plaintiff was replaced by the address of the new grantee, and the date of the deed referred to in the "Direction to Convey" was changed from October 15, 1976, to October 27, 1976. Defendant Dine's initials appeared next to these changes and the notation "10/27/76 new Deed Dennis Dine" appeared at the bottom of the document. The record does not reveal the date these alterations were made. However, the record does include a trustee's deed dated October 15, 1976, stating that defendant bank in consideration of $10 and other good and valuable consideration grants, sells and conveys to plaintiff the subject property which was legally described. The deed was signed by a trust officer of defendant bank, witnessed and notarized. Based on this evidence and without an explanation by either party, it would be reasonable to conclude that the "Direction to Convey" was not altered until after the trustee's deed conveying the subject property to plaintiff had been executed.

■■ The essential elements not shown on the face of these two documents are the price, terms, and conditions of the sale. However, the real estate sale contract identified plaintiff as buyer, defendant Dine as seller, legally described the subject property, stated the price, terms, and conditions of the sale, and was signed by the president of plaintiff corporation but not by defendant Dine. Reading the signed and unsigned writings together, all the necessary elements to satisfy the Statute of Frauds are included. The problem is whether the unsigned real estate sale contract is so connected with the signed writings to show by internal evidence that they relate to the same contract.

Commenting on such a situation, and citing *Western Metals Co. v. Hartman Ingot Metal Co.*, Williston writes:

> "It is essential to examine specifically the papers not signed by the parties to be charged, which it is sought to incorporate with the paper or papers that are so signed, and determine whether the

unsigned papers have been adopted by the signed papers." (4 Williston on Contracts §583, at 142 (3d ed. 1961).)

And Corbin, in commenting on the situation, writes:

"All that is required is that these writings shall so clearly evidence the fact that a contract was made, and what are its terms, that there is no serious possibility that the assertion of the contract is false." 2 Corbin on Contracts §512, at 744-45 (1950).

The section entitled "Basic Contract Provisions" of the real estate sale contract stated that "Seller agrees to sell and convey said premises by stamped trustee's deed." It was pursuant to the real estate contract that defendant Dine's attorney prepared all documents necessary to close the transaction which included the trustee's deed made in accordance with defendant Dine's pre-altered "Direction to Convey." Based upon the record in this case, it could reasonably be inferred that the "Direction to Convey" at the time of Dine's original signature was based on the adoption of the then existing real estate sale contract. There is nothing in the record before us, nor have defendants made any allegations to indicate the contrary or to suggest that a fraud is being perpetrated.

To decide otherwise would be to undermine the very purpose for which the Statute of Frauds was enacted, *i.e.*, the prevention of fraud. In *Loeb v. Gendel* (1961), 23 Ill. 2d 502, 505, 179 N.E.2d 7, the supreme court stated: "This court has long recognized the inequity of allowing one to utilize the Statute of Frauds to work an injustice or fraud, and has refused in such cases to permit its assertion as a defense." To allow defendants to successfully assert the Statute of Frauds as a defense in the present case would create such an injustice.

We find an adequate basis in the record to suggest that a contract for the sale of the subject property was formed. Whether or not this is so can best be determined at an evidentiary hearing.

Accordingly, the order of the circuit court of Cook County striking the plaintiff's complaint and dismissing the declaratory judgment action is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

PERLIN and HARTMAN, JJ., concur.