WILLIAM GLENN POWELL, JR., *et al.*, Plaintiffs-Appellants, *v.*
THE VILLAGE OF MT. ZION *et al.*, Defendants-Appellees.

Fourth District    No. 15861

Opinion filed September 10, 1980.

GREEN, J., concurring in part and dissenting in part.

James V. Mancuso, Jr., of Whitley, Suter & Mancuso, of Decatur, for appellants.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Keith W. Casteel, of counsel), for appellee Village of Mt. Zion.

Welsh, Kehart & Shafter, P. C., of Decatur (A. James Shafter and Charles C. Hughes, of counsel), for appellee Peter Mellinger.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The plaintiffs appeal the trial court's order dismissing their second amended complaint. The plaintiffs own homes in Mt. Zion, Illinois; they alleged that the defendants' negligence caused a sanitary sewer to back up, flooding their basements.

■■ The trial court's order was general, not specifying any grounds for the decision. Thus we must review every issue raised in the motions and argued on appeal. (*Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20; *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428.) Placing in the record the reasons for the final order would benefit this court and the parties and contribute to judicial efficiency. (*Robinhorne Construction Corp. v. Snyder* (1969), 113 Ill. App. 2d 288, 251 N.E.2d 641, *aff'd* (1970), 47 Ill. 2d 349, 265 N.E.2d 670.) As Mr. Justice Mills said, in *Hagerty, Lockenvitz, Ginzkey & Associates v. Ginzkey* (1980), 85 Ill. App. 3d 640, 641, 406 N.E.2d 1145, 1146:

> "The trial court's order, while declaring a result, provides no legal analysis for the conclusion which is drawn. This is unfortunate, since we are therefore forced to speculate as to the basis for the decision."

■■ On appeal, all the parties frame the issue as whether the complaint states a cause of action. Dismissing a complaint for deficiencies in pleading is drastic; dismissal is proper only when no set of facts would sustain the complaint. (*Mid-Town.*) Our inquiry here is directed at the legal, rather than the factual, sufficiency of the complaint. *Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 390 N.E.2d 72.

Defendant Mellinger, subdivider of land near the plaintiffs' homes, argues that although theoretically the plaintiffs could state a cause of action against him, they have failed to do so in this case. Generally, Mellinger contends that the plaintiffs have failed to allege facts showing a duty owing between this defendant and the plaintiffs and a breach of that duty. Specifically, Mellinger thinks that the plaintiffs have failed to show his relationship to the property being developed and the duty resulting from that relationship. Mellinger also thinks that the plaintiffs have not sufficiently stated how his breach of the duty proximately caused their harm.

The complaint contains sufficient allegations to show Mellinger's

control over the subdivision. The complaint alleges that Mellinger was the developer and had constructed a sanitary sewer system on the property. The complaint also contains sufficient allegations showing that Mellinger's breach of the duty proximately caused the harm. According to these allegations, Mellinger violated city ordinances by allowing surface water running off the 40-acre tract to enter the sanitary sewer system serving the subdivision, which was joined to the village's sanitary sewer system. The ordinance requires the approval of the village engineer before subdivision sanitary systems are connected to the existing village sewers. The plaintiffs allege that Mellinger should have routed the runoff into storm sewers.

In *Templeton v. Huss* (1974), 57 Ill. 2d 134, 311 N.E.2d 141, the supreme court addressed the liability of the owner of a dominant tract of land for damage caused by water running off his land onto a servient tract. The court said that Illinois follows a modified version of the civil law rule on this matter. The court applied the "good husbandry" rule governing the drainage of agricultural tracts to situations where the construction of a subdivision affects the natural flow of water. The court said that in remanding the case the question before the trial court would be "whether the increased flow of surface waters from the land of the defendants to that of the plaintiff, regardless of [the cause], was beyond a range consistent with the policy of reasonableness of use which led initially to the good-husbandry exception." 57 Ill. 2d 134, 141, 311 N.E.2d 141, 146.

■■ Although this complaint sounds in negligence rather than nuisance and concerns the flow of water through sewers rather than over or through soil, the source of the problem—water running off land—is the same as in *Templeton.* The rule in that case can be applied to the situation here; the sewers do not distinguish anything. *Templeton* shows Mellinger's duty here. Thus, Mellinger had a duty not to unduly burden the sanitary system with an unreasonable amount of runoff from the land. Furthermore, the complaint contains sufficient allegations to show that Mellinger's actions proximately or legally caused harm to the plaintiffs. This question may be stated in terms of duty—whether the defendant was obligated to protect these plaintiffs from the kind of harm that occurred. Prosser, Torts §42 (4th ed. 1971).

Actual cause, distinct from proximate or legal cause, is a question of fact. The complaint alleges that Mellinger permitted surface water to drain into the sanitary sewer system constructed in the subdivision and connected that sewer to the one serving the area near the plaintiffs' homes. We cannot deal with that question here; the trier of fact must determine whether Mellinger actually caused the harm that occurred.

■■ The complaint alleges Mellinger's violations of a village ordinance; Mellinger argues that the citations to the ordinance are too incomplete.

Although the complaint does not state the title of the particular ordinance, it mentions specific sections in connection with Mellinger's allegedly negligent acts. While the plaintiffs should have referred to the ordinance more specifically—in their brief they designated it as the 1974 Land Subdivision Ordinance—we think that the complaint sufficiently incorporates the ordinance and that violations of the ordinance may be proved and should be considered as evidence.

■■■ Ordinances and statutes may establish the standard of care required of a defendant. Whether the defendant violated the ordinance is a question of fact; we do not reach it here. The violation of an ordinance establishing the standard of care represents *prima facie* evidence of negligence. (*Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 384 N.E.2d 323.) Before that factual question may be reached, however, two conditions must be met. First, the plaintiff must be within the class of persons intended to be protected by the ordinance, and second, the harm suffered must be of the type intended to be prevented by the ordinance. (*Mangan v. F.C. Pilgrim & Co.* (1975), 32 Ill. App. 3d 563, 336 N.E.2d 374.) Because these questions are legal rather than factual, we may deal with them here. The ordinance requires that connections to the village sanitary system receive prior approval of the village engineer. The ordinance contains a separate section specifying standards for storm sewers. Mellinger argues that the plaintiffs' complaint confuses storm with sanitary sewers, but that misses the point of the complaint: that Mellinger has channeled surface water into sanitary sewers rather than into the proper storm sewers. These sections of the subdivision ordinance express the intent to preserve the functional utility of the village's existing sewers while allowing growth and meeting the resultant increased burden of sewage. Every resident, then, would fall within the class of persons intended to be protected by the ordinance. Sewage problems, such as the backups alleged in the plaintiffs' complaint, are the type of harm intended to be prevented by the ordinance. The ordinance therefore may serve as the standard of care required of subdividers such as Mellinger; because the ordinance has that role, evidence of its violation is *prima facie* evidence of negligence.

The village argues that the dismissal of the plaintiffs' complaint was proper because the Illinois Environmental Protection Agency and not a village makes the final determination regarding sewer design and construction permits, that it is immune from tort liability, that it is not responsible for preventing others such as Mellinger from violating the law, that it had not yet adopted the sewer system and thus cannot be held liable, and that it did not have a duty toward the plaintiffs.

■■ The applicability of the Environmental Protection Act (Ill. Rev. Stat. 1979, ch. 111½, par. 1001 *et seq.*) does not absolve the village; in effect the village is arguing that a subdivider who had obtained the necessary per-

mit from the State agency could then connect the subdivision sewer system to that serving the village without first obtaining a permit or approval from the village engineer. We believe that the approval of both bodies is required.

Nor does the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 1—101 *et seq.*) insulate the village from liability. Section 9—103(c) (Ill. Rev. Stat. 1979, ch. 85, par. 9—103(c)) waives the immunity when the municipality has secured insurance; the village admits that it has insurance. Municipalities do not have a common law immunity pertaining to sewer systems. See *Burford v. Village of La Grange* (1967), 90 Ill. App. 2d 210, 234 N.E.2d 120.

The village also argues that it cannot be held liable for failing to prevent Mellinger from violating ordinances and illegally connecting the subdivision sanitary sewers to the village's. Count II of the complaint bases the village's liability upon its own violations of the ordinance for failing to inspect Mellinger's work, permitting Mellinger to connect his system with the village's, and failing to construct a system large enough to handle the normal flow of sewage. The complaint thus alleges more than just the village's acquiescence in Mellinger's activities, legal or otherwise. These allegations present questions of fact; we cannot say which, if any, the plaintiffs will be able to prove.

Whether the village adopted the subdivision sewer system is also a factual question; once adopted, the village may be held liable for damage caused by it. Likewise, the village's duty is disclosed through its adoption and control over the sewer system.

We therefore find that both counts state a cause of action against the respective defendants.

Reversed and remanded for further proceedings.

MILLS, P. J., concurs.

Mr. JUSTICE GREEN, dissenting in part and concurring in part:

The second amended complaint which was dismissed contained two counts. Count I was directed against defendant Mellinger and count II against the village. The allegations of breach of duty by the defendants are contained in paragraphs 6 of the respective counts. Because of defects in those allegations, I consider count I to fail to state a cause of action against defendant Mellinger. I would affirm the action of the trial court in dismissing that count. On the other hand, I agree with the majority to the extent that at least a portion of the allegations of breach of duty in count II are sufficient to state a cause of action and that the affirmative matters raised in bar of action are not applicable. Accordingly, I agree that the

portion of the order dismissing that count should be reversed and that portion of the cause remanded.

Subparagraphs (A) through (D) of paragraph 6 of count I allege violations of sections 7.8.3.3., 7.11.1., and 7.11.2. of the 1974 Land Subdivision Ordinance of the Village of Mt. Zion. Although some of the conduct alleged in those subparagraphs may be tortious, I find nothing stated there which would constitute a violation of any of the cited ordinance provisions. They do not prohibit a subdivider from allowing surface water to enter a sanitary sewer. The subparagraphs contain no allegation that Mellinger connected a sewer to the village sewers without obtaining permission of the village engineer.

> The remaining subparagraph, (E), stated that defendant Mellinger:
> "Installed a sewer system on said Rolling Green Estates which was in turn connected to the sanitary sewer system serving the southeast portion of the said Village of Mt. Zion, including the properties owned by the Plaintiffs herein, which was inadequate to handle the drainage of surface water from a 40-acre parcel of real estate such as that upon which it was located."

The various misconduct alleged, including the foregoing, was stated in paragraph 7 to have caused surface water to enter the sanitary sewer system of the village causing a backup in that system. In that context, subparagraph (E) makes no sense. Had the sewer allegedly installed in the subdivision and connected to the village sanitary system had greater capacity, it would have increased rather than decreased the rapidity of the flow of water into the village sanitary sewer and compounded the backup problem in that sewer.

The allegations of breach of duty against the village were contained in paragraph 6 of count II. Subparagraphs (A) through (C) charge violations of the cited ordinance. Subparagraph (A) stated that the village failed to inspect the sewer being constructed in the subdivision to see if Mellinger was illegally utilizing portions of the village sanitary sewer. As the allegations failed to set forth any violations that might have been disclosed by proper inspection, I consider the allegations to be too vague and general to serve as the basis for a cause of action. Subparagraph (B) of paragraph 6 seems to claim that the village violated the cited ordinance provisions by allowing Mellinger to connect a sanitary sewer to the village sanitary sewer when the connecting sewer system was insufficient to drain the surface water from the tract involved. Here again I do not find any terms of the cited provisions of the ordinance which would prohibit this. Subparagraph (C) alleges the losing or misplacing of a "plug" which should have been installed in the village sanitary sewer system in order to avoid excessive surcharging of water in that system. The cited provisions

of the ordinance also failed to contain any prohibition against this type of mistake.

Subparagraph (D) of paragraph 6 of count II makes no reference to the ordinances but charges the village with having designed or directed the design of the present sanitary sewer system, with reference to the property of the plaintiffs, to contain a pipe of a diameter insufficient to adequately handle the regular and normal flow of drainage through the system. It also alleges that the design was inadequate at the time of its use. This subparagraph can serve as the basis of a cause of action. A city or village is under a duty to design a drainage system sufficient to take a reasonably expected flow. *Burford v. Village of La Grange* (1967), 90 Ill. App. 2d 210, 234 N.E.2d 120.