DOUGLAS MUCK *et al.*, Plaintiffs-Appellants, v. LESTER VAN BIBBER III *et al.*, Defendants-Appellees.

Fourth District   No. 4—90—0826

Opinion filed January 16, 1992.

GREEN, P.J., dissenting.

Allison & Kelly, of Bloomington (Timothy W. Kelly, of counsel), for appellants.

Westervelt, Johnson, Nicoll & Keller, of Peoria (Arthur G. Greenberg and Steven L. Pierson, of counsel), for appellees.

JUSTICE STEIGMANN delivered the opinion of the court:

Plaintiffs, Douglas and Laurie Muck, appeal the dismissal of their amended complaint, in which they alleged they were defamed by defendants, Lester Van Bibber III, Janet Van Bibber, Tena Olmstead, John Olmstead, and Citizens for Justice, Inc. In their complaint, plaintiffs alleged that defendants wrote a letter containing damaging, false statements about them and sent it to the circuit judges of the Eleventh Judicial Circuit when plaintiffs were applicants for the office of associate judge in that circuit. We vacate and remand.

## I. BACKGROUND

In November 1988, defendant Lester Van Bibber III, a spokesman for Citizens for Justice, an Illinois not-for-profit public interest group located in Bloomington, Illinois, and the three other named defendants, sent a letter to all of the circuit judges in the Eleventh Circuit. At that time, both plaintiffs were applicants for an associate judgeship vacancy that the circuit judges in the Eleventh Circuit were going to fill. The letter in question contained the following statement:

"Because we have received so many phone calls regarding alleged unethical improprieties conducted by Douglas and Laurie Muck, Citizens for Justice, Inc. would like to go on record as being vehemently opposed to the acceptance of either Douglas or Laurie Muck for any judicial position in this or any Judicial Circuit."

In November 1989, plaintiffs filed this defamation action, alleging that defendants defamed them by falsely reporting that they had engaged in unethical conduct. In their complaint, plaintiffs alleged that they resided in Logan County, that Citizens for Justice was a not-for-profit organization registered in Illinois, that plaintiffs publicly applied for the available judgeship, that the circuit judges of the Eleventh Circuit collectively made the appointment, and that defendants sent all of the circuit judges the letter with the above-quoted language. The complaint further alleged the following:

"8. Defendants [sic] allegation was false, known to be false, was made with reckless disregard for it's [sic] truth or falsity and was motivated by malice calculated to destroy Plaintiff[s'] reputation, livelihood, and good standing in the legal community in which [they] practiced law.

9. Plaintiff[s] did not receive the appointment to the position of Associate Judge.

10. As a result of Defendant's [sic] false statement Plaintiff[s'] reputation and standing within the legal community has been damaged."

In January 1990, defendants filed a motion to dismiss under section 2—612 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—612 (insufficient pleadings)). Although defendants styled their motion to dismiss plaintiffs' amended complaint as a section 2—612 motion, their motion was in all respects a motion pursuant to section 2—615 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), and it was treated as such by the trial court. Because on appeal the parties do not raise the issue of the mischaracterization of

defendants' motion to dismiss, we will treat that motion as if it had been made pursuant to section 2—615 of the Code.

In their motion to dismiss, defendants presented the following 10 arguments as independent grounds to justify the trial court's dismissal of plaintiffs' complaint:

(A) privilege;

(B) implied consent;

(C) opinion and fair comment;

(D) political debate;

(E) plaintiffs' failure to allege facts that show malice;

(F) plaintiff's failure "to plead with particularity every single item of monetary loss caused by the alleged defamatory language or any loss whatsoever";

(G) "the communication of which the Plaintiffs complain is non-actionable *** under the guarantees of the 1st and 14th Amendments to the United States Constitution";

(H) "the communication of which the Plaintiffs complain is non-actionable *** under the guarantees of *** Section 4 of Article I of the Constitution of the State of Illinois";

(I) "the Complaint is insufficient both in substance and in form contrary to the *Illinois Code of Civil Procedure*"; and

(J) "the Complaint does not inform the opposite parties of the nature of the claim which they are called upon to meet contrary to the *Illinois Code of Civil Procedure*." (Emphasis in original.) (We note parenthetically that we have not unduly edited defendants' assertions in grounds A through D; the nine words that constitute those four grounds in the above list comprise the full extent of the explanation and analysis defendants provided in their motion to dismiss.)

After a hearing on this motion, the trial court stated its views in the following letter to the parties, a copy of which it placed in the court file:

"I am of the opinion that the Motion to Dismiss should be allowed with prejudice. *I do not believe that it is possible for the Plaintiffs to state a good cause of action on the facts alleged in the complaint.* I thought that I would write you this in order to tell you my thinking before I enter any docket entry or order in this case. If the Plaintiffs wish to amend, I would be happy to allow them to do so. I would suggest you gentlemen consult with each other and if need be, set up a conference call with me and we can discuss the matter further." (Emphasis added.)

Thereafter, on August 27, 1990, plaintiffs filed an amended complaint, which did not materially differ from the original complaint except that it included a paragraph alleging that Lester Van Bibber III had filed many groundless reports of unethical conduct against plaintiffs with the Illinois Attorney Registration and Disciplinary Commission. On August 30, 1990, defendants filed a motion to dismiss the amended complaint, which repeated verbatim the arguments defendants had previously asserted in January 1990 as grounds to dismiss plaintiffs' initial complaint. On November 1, 1990, the trial court made a docket entry that reads, in pertinent part, as follows:

> "Matter comes on for hearing on Defendant's [*sic*] Motion to Dismiss with prejudice. Defendant's [*sic*] Motion to Dismiss with prejudice allowed. Cause continued for written order."

On November 15, 1990, the trial court then entered the following written order:

> "NOW COMES the parties hereto by their Attorneys on the Defendant's [*sic*] Motion to Dismiss the Amended Complaint. The Court hearing arguments of counsel and being advised in the premises hereby grants said Motion, and the Amended Complaint is hereby DISMISSED with prejudice for failure to state a cause of action."

We include these three quotes from the trial court (the letter, the docket entry, and the written order) because they provide us with the only explanation as to why the trial court granted defendants' motion to dismiss: the trial court "[did] not believe that it is possible for the Plaintiffs to state a good cause of action on the facts alleged in the complaint." The trial court nowhere indicates what the nature of this deficiency might be. Accordingly, we will address our attention to the complaint to determine if it appears to state a cause of action.

## II. ANALYSIS

The supreme court, in *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504-05, 565 N.E.2d 654, 657, recently wrote the following regarding the sufficiency of pleadings:

> "A trial court should dismiss a cause of action on the pleadings only if it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover. [Citations.] When the legal sufficiency of all or part of a complaint is challenged by a section 2—615 motion to strike or dismiss, all well-pleaded facts in the attacked portions of the complaint are to be taken as true [citation] and a reviewing court must determine whether the allegations of the complaint, when inter-

preted in the light most favorable to the plaintiff, are sufficient to set forth a cause of action upon which relief may be granted."

Defamation is the publication of anything injurious to the good name or reputation of another, or which tends to bring him into disrepute. (*Van Duyn v. Smith* (1988), 173 Ill. App. 3d 523, 535, 527 N.E.2d 1005, 1012.) A statement is defamatory if it impeaches a person's integrity, virtue, human decency, or reputation and thereby lowers that person in the estimation of the community or deters third parties from dealing with that person. *Van Duyn*, 173 Ill. App. 3d at 535, 527 N.E.2d at 1012.

Illinois still abides by the distinction between *per se* and *per quod* defamation. (See *Rosner v. Field Enterprises, Inc.* (1990), 205 Ill. App. 3d 769, 789-90, 564 N.E.2d 131, 143.) *Per se* defamation exists where the statements so obviously injure the plaintiff's good name or reputation that the plaintiff need prove neither injury nor damages. (*Rosner*, 205 Ill. App. 3d at 789-90, 564 N.E.2d at 143.) The four categories of statements which constitute *per se* defamation are the following: (1) those imputing the commission of a criminal offense; (2) those imputing infection with a communicable disease of any kind which, if true, would tend to exclude one from society; (3) those imputing inability to perform or want of integrity in the discharge of duties of office or employment; and (4) those prejudicing a party in his or her profession or trade. *Costello v. Capital Cities Communications, Inc.* (1988), 125 Ill. 2d 402, 414, 532 N.E.2d 790, 795.

We have analyzed plaintiffs' complaint in the present case in accordance with the foregoing legal principles, and we are unable to perceive the defect the trial court found in plaintiffs' complaint so as to support the trial court's conclusion that the plaintiffs failed to state a sufficient cause of action. We note that defendants in their brief before this court do not even attempt to justify the trial court's dismissal of plaintiffs' complaint on the ground of any pleading deficiency, except for defendants' argument that plaintiffs did not sufficiently plead malice or damages.

The posture in which this case comes before us on appeal is the following:

> (1) plaintiffs have pled at least a colorably sufficient complaint for defamation;

> (2) defendants' motion to dismiss plaintiffs' complaint presented 10 separate arguments as independent grounds for the trial court's dismissal of plaintiffs' complaint; and

(3) the trial court dismissed that complaint without providing any explanation as to why.

In their brief to this court, plaintiffs note this posture and indicate that they "are forced to assume that each and every basis for dismissal raised in Defendants' Motion to Dismiss the Amended Complaint was granted[,] and [they] will now address each issue." Defendants likewise address each issue in their brief.

■■ We are aware that "a reviewing court may sustain the decision of the trial court on any grounds called for by the record, regardless of whether the trial court made its decision on the proper ground." (See *Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 502, 520 N.E.2d 37, 39; see also *Frye v. O'Neill* (1988), 166 Ill. App. 3d 963, 973, 520 N.E.2d 1233, 1239.) However, this court is not *required* to search the record to see if we can find some basis to affirm. For the reasons which we explain hereafter, we decline to do so; instead, we believe our more appropriate course of action is to vacate the trial court's order of November 15, 1990, granting defendants' motion to dismiss plaintiffs' amended complaint, and to remand for further proceedings.

We will assume that the trial court had a reason for dismissing plaintiffs' amended complaint. However, because the trial court nowhere revealed that reason, this court, in order to review the correctness of the trial court's action, would have to address each of defendants' 10 independent grounds until we found one upon which we could base our decision to affirm the order of dismissal. If, as we reviewed this record, we found the first nine argued grounds insufficient but the tenth sufficient, we could then render our decision by discussing only the tenth ground. In this hypothetical situation, our review (along with that of the parties) of the other nine grounds would have been a mere waste of everyone's time.

On the other hand, were we to conclude that none of the 10 argued grounds was appropriate as a basis for dismissing plaintiffs' complaint, then we would have to discuss all 10 grounds and why each was not an appropriate basis for dismissal before reversing the order of dismissal and remanding for further proceedings. Yet, for all we know, eight or nine of the grounds discussed in our decision may have had no role in the trial court's decision to dismiss in the first place.

To clarify our concerns, we mention again that defendants argued 10 grounds—A through J—as separate bases for dismissing plaintiffs' complaint. Assume that the trial court agreed with defendants' argument regarding grounds C and E and dismissed the complaint based

thereon. Assume further that on appeal, this court concluded that the trial court erred in dismissing the complaint on grounds C and E, and reversed and remanded for further proceedings. In this scenario, we are confident that lawyers and judges would find our behavior most strange if, in addition to taking the aforesaid action, we also wrote the following: "Had the trial court granted defendants' motion to dismiss based upon grounds A, B, D, and F through J (grounds never discussed by the trial court), that action would have been equally erroneous, and we would be reversing those orders as well."

However strange our action in the above scenario might seem, it is the position this court is placed in by the trial court's failure to state a basis for its granting defendants' motion to dismiss plaintiffs' amended complaint. Returning to our hypothetical, assume that the trial court in the present case granted defendants' motion to dismiss on the grounds that the allegedly defamatory statements are opinion (ground C) and that they fail to plead malice (ground E). If we were to disagree with the trial court's determination regarding the appropriateness of those two grounds as a basis to dismiss, then this court will be called upon to address each of the eight other grounds that *could have been* (for all we know) the basis for the trial court's order granting defendants' motion to dismiss, but in fact (if the trial court had only let us know) were not the basis at all. Under these circumstances, our decision regarding these other grounds essentially becomes a series of advisory opinions. In view of the dynamic nature of the law of defamation and the attention given to that area of the law by recent decisions of the United States Supreme Court and the Illinois Supreme Court (see *Milkovich v. Lorain Journal Co.* (1990), 497 U.S. 1, 111 L. Ed. 2d 1, 110 S. Ct. 2695; *Costello*, 125 Ill. 2d 402, 532 N.E.2d 790; *Mittelman v. Witous* (1989), 135 Ill. 2d 220, 552 N.E.2d 973), we should particularly avoid advisory opinions in this area of the law.

■ Given the present posture of this case on appeal, we conclude that trying to review this case on its merits would be unwise, unwarranted, and wasteful of limited judicial resources. The trial court gave no explanation for its ruling when presented with 10 possible grounds. We decline to review each one of those 10 grounds to see which, if any, might explain the trial court's action. The trial court could have, and should have, done so itself.

We do not expect our decision in this case to set a precedent that would unduly burden trial courts. Indeed, most trial courts, when ruling on issues of law, not only provide a *statement* of the grounds for

their ruling, but also frequently provide some *analysis* regarding why they thought those grounds to be applicable.

### III. CONCLUSION

For the reasons stated, we vacate the order entered November 15, 1990, granting defendants' motion to dismiss plaintiffs' amended complaint. On remand the trial court is directed to reconsider its decision to allow the motion to dismiss, and, if the court still rules to grant that motion, to state which of the grounds set forth in the motion the court is relying upon. The court may, in its discretion, hear further arguments.

Vacated and remanded with directions.

KNECHT, J., concurs.

PRESIDING JUSTICE GREEN, dissenting:

I dissent from the decision to vacate the judgment of the circuit court and to remand for the circuit court to articulate the legal reasons for its ruling. I conclude we should decide the question of the sufficiency of the complaint upon the basis of the grounds for dismissal (1) set forth in defendants' motion to dismiss, and (2) preserved by defendants' brief as appellees.

When passing upon the propriety of a circuit court order dismissing a complaint where only legal questions are involved, existing precedent places more significance on the issues raised in the circuit court than the general rule permitting their consideration set forth in *Estate of Johnson* and *Frye*, cited by the majority.

In *Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20, the circuit court struck a complaint in chancery and eventually dismissed the suit with prejudice. On direct appeal to the supreme court, that court noted that the dismissal order was a general order not setting forth reasons for the ruling. Then, the court stated "[e]very issue raised by the motion to strike is, therefore, before this court insofar as the same is argued." (*Doner*, 381 Ill. at 112, 45 N.E.2d at 23.) The supreme court then went on to consider all those issues and concluded the complaint should not have been dismissed. The supreme court did not directly state that it was required to consider all issues concerning the sufficiency of the complaint which had been properly preserved by the appellees but by stating that those issues were "before" it, that court implied such consideration was required. In any event, this court held that consideration of

all such preserved issues was required in *Powell v. Village of Mt. Zion* (1980), 88 Ill. App. 3d 406, 410 N.E.2d 525.

In *Powell,* as here, this court faced the question of the scope of review of a circuit court order dismissing a complaint without stating which of the grounds in the motion to dismiss that court was relying on. This court severely criticized the trial court for not so specifying but also stated: "The trial court's order was general, not specifying any grounds for the decision. Thus we *must* review every issue raised in the motions and argued on appeal." (Emphasis added.) (*Powell,* 88 Ill. App. 3d at 407, 410 N.E.2d at 527.) *Doner* and *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428, were cited. In *Mid-Town Petroleum,* the First District Appellate Court, facing the same type of review as in *Doner* and *Powell,* stated that, under those circumstances, "we *must* first consider whether the amended complaint *** was sufficient to state a cause of action under" the statutory provisions relied upon in the motion to dismiss. (Emphasis added.) (*Mid-Town Petroleum,* 72 Ill. App. 3d at 299, 390 N.E.2d at 430.) In *Macie v. Clark Equipment Co.* (1972), 8 Ill. App. 3d 613, 615, 290 N.E.2d 912, 913, under similar circumstances, the First District Appellate Court made similar comments and considered issues raised in the motion to dismiss and affirmed the dismissal.

I fully agree with the majority as to the desirability of a circuit judge articulating his reasons for his ruling in dismissing a complaint. The reasoning is an aid to us. The reasoning is also an aid to the pleader, who may be able to replead in such a manner as to avoid the imperfection found by the trial court. However, I do not agree that we would be giving advisory opinions by following the precedent of *Powell* and the First District Appellate Court decisions I have cited. If we uphold the decision of the circuit court, our decision will dispose of the case. If we reverse, the case can then proceed. The precedent of those cases sets forth specifically the issues which are properly preserved for our review and we do not have to search very far to find them.

While the legal reasons for the rulings by the trial court are helpful to us, we give no deference to them. We have an independent responsibility in deciding questions of law. Those questions are shaped by the complaint which has been dismissed and the grounds for dismissal stated in the motion to dismiss and preserved by the appellees. That will not be changed by an articulation by the circuit court. Economical use of judicial resources requires that we proceed to consider those questions now.